James L. TAYLOR, on behalf of himself and all others similarly situated, Plaintiffs-Appellants,

v.

UNITED STATES of America et al., Defendants-Appellees.

No. 75–1645.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 6, 1976.

Decided Jan. 19, 1976.

Jerome Feldman, Chicago, Ill., Judith Halprin, law student, for plaintiffs-appellants.

Samuel K. Skinner, U. S. Atty., Chicago, Ill., Ronald R. Glancz and Harry R. Silver, Appellate Section, Civ. Div. Dept. of Justice, Washington, D. C., for defendants-appellees.

Before FAIRCHILD, Chief Judge, PELL, Circuit Judge, and EAST, Senior District Judge.[*]

PELL, Circuit Judge.

While the issue presented in this appeal was the propriety of the granting of summary judgment to the defendants, the dispositive issue is whether a person who would otherwise be entitled to hospitalization in facilities administered by the Veterans Administration will be deprived of that treatment during the continuance of his status as a charged criminal even though at the time of the needed service he was not in actual custody by virtue of being at liberty on bond. The plaintiff Taylor who ultimately was in this position in all respects naturally contended both here and below that there should be no deprivation of service to which he was entitled by his status as a veteran. The Government[1] agreed here that the charged criminal veteran on bond was entitled under current regulations to the same services as any other veteran. Nevertheless this appeal, for reasons mentioned hereinafter, was pursued through briefing and oral argument.

---

[*] Senior District Judge William G. East from the District of Oregon is sitting by designation.

[1] The defendants as indicated in the caption of this opinion were the United States of America, the Veterans Administration and various functionaries of the Veterans Administration. For convenience of reference, the defendants will sometimes herein be collectively characterized as the "Government." The widely used designation of VA for Veterans Administration will also be used herein. Finally, all references to veterans in the masculine gender are, of course, equally applicable to female veterans.

Taylor, the plaintiff, was denied hospitalization because he had been charged with a crime in the circuit court of Cook County, Illinois. At a hearing before Circuit Judge James C. Murray at which the Government was represented, Judge Murray was advised by the Government that Taylor could not be admitted to a Veterans Administration hospital unless the criminal charges pending against him were dismissed. Reliance for this position was placed upon the provisions of Section 2.08(b)(1) of the Veterans Administration Department of Medicine and Surgery Regulations (M-2, Part X) reading as follows:

> "b. *Patients Under Criminal Charges* (1) A veteran under criminal charges, or in the custody of civil authorities, does not forfeit any right he may have to hospital or domiciliary care by the VA. However, the veteran must be in a position to accept hospital or domiciliary care if it is proffered to him by the VA. Charges will have to be dropped, and/or the veteran paroled or released unconditionally to the VA. If the veteran is paroled by the court, he may be accepted only if there is no obligation to restore him thereafter to the custody of the civil authorities. . . . "

Because of the interest of Judge Murray in the plight of Taylor and at the judge's request, counsel for plaintiff in the criminal case took the matter into federal court in the form of the present litigation, Taylor having been released on bond with the proviso that he bring such an action. The case was successively before Judges Tone and Bauer, then district court judges. Judge Tone found the section quoted above to be unconstitutional and granted a restraining order as a result of which Taylor received VA hospital treatment. A second count was added seeking mandamus and proceeding in the nature of a class action. Judge Bauer denied the Government's motion to dismiss, holding, *inter alia*, that the action was doubly not moot because of denial of treatment being capable of repetition insofar as both Taylor and the other members of the class were concerned. Judge Bauer then following Judge Tone to this court, the case was assigned to Judge Kirkland who granted the Government motion for summary judgment, finding that Section 2.08(b)(1) was a reasonable exercise of rule-making power pursuant to statutory authority and was not unconstitutional as applied, and further finding that the refusal of treatment could not be validly extended to veterans released on bond pending disposition of a criminal charge if other entry requirements were satisfied.[2]

Because of the disposition we reach on this appeal we do not need to decide the correctness of Judge Kirkland's action, although noting that we have some difficulty in finding that a person at liberty on bond meets either the qualifications of having had the charges against him dropped or having been released or paroled unconditionally to the Veterans Administration. Arguably, of course, it might be said, as Judge Kirkland interpreted the situation, that as to one who is released on bond, any conditions imposed upon his release are obligatory only upon the person released and therefore there would be no conditions on the release insofar as the Veterans Administration was concerned. Because of the ambiguity of the regulation language and the likelihood of the Veterans Administration returning to their original position elsewhere, it would appear that there was a sound basis for the plaintiff having continued the fight via the appeal route.

In any event, the posture of the case changed subsequent to the entry of judgment on June 6, 1975, in the district court. On July 8, after the notice of

---

2. Judge Kirkland's language was as follows: "This is not to say that a veteran released on bond pending disposition of a criminal charge may be refused admission if other entry requirements are satisfied. There is no custodial duty imposed on the Veterans Administration where the patient is under bond. Any required appearances or obligations are then the responsibility of the patient, not the Veterans Administration."

appeal had been filed by Taylor, a telegram or teletype message was sent to numerous addressees. The record is not clear as to the identity of the recipients as the copy of the typed message shows only what are apparently coded designations for dissemination. The message eliminating this portion reads as follows:

"00/136 THIS IS INTERIM ISSUE 10–75–28

A. BASIC ADMINISTRATIVE ISSUE AFFECTED: M-1, PART I, CHAPTER 4

B. OTHER ISSUES AFFECTED: M-2, PART X, CHAPTER 2, PARAGRAPH 2.08B.

C. REASON FOR ISSUE:

TO REVISE PARAGRAPH 4.22 TO ELIMINATE SUCH WORDS AS 'PAROLED OR RELEASED UNCONDITIONALLY' AND CLARIFY THE PROVISIONS SO AS TO AID INTERPRETATION AND APPLICATION.

D. TEXT OF ISSUE:

PAGE 4–6: DELETE PARAGRAPH 4.22 AND INSERT:

'4.22 VETERANS HELD UNDER CHARGES

A VETERAN IN THE CUSTODY OF CIVIL AUTHORITIES OR UNDER CRIMINAL CHARGES DOES NOT FORFEIT ANY RIGHT HE OR SHE MAY HAVE TO HOSPITAL OR DOMICILIARY CARE BY THE VA. HE OR SHE MAY BE ACCEPTED FOR HOSPITAL AND DOMICILIARY TREATMENT BY THE VA ONLY WHEN RELEASED BY AN AUTHORIZED OFFICIAL UNDER CIRCUMSTANCES WHERE THERE IS NO OBLIGATION PLACED THEREBY ON THE VA TO EXERCISE CUSTODIAL RESTRAINT OR ASSURE THE RETURN OF THE VETERAN TO CUSTODY UPON COMPLETION OF TREATMENT. THIS DOES NOT PRECLUDE AD-VISING CIVIL AUTHORITIES OF THE EXPECTED DATE OF DISCHARGE WHEN REQUESTED.'

E. THIS INTERIM ISSUE WILL NOT BE CONFIRMED BY A PRINTED ISSUE."

Because of this communication, the Government filed a motion to dismiss upon the basis of mootness. The motion by order of this court was to be taken with the appeal.

At the outset we note the elimination of the objectionable requirement that a criminally charged veteran will only be admitted if the charges are dropped or if he is paroled or released unconditionally.[3] The plaintiff, although arguing in his brief that the revised language creates a distinction without a difference, has not persuaded us that under the revised language any criminally charged veteran who is released on bond pending trial and who is otherwise eligible for hospital admission and treatment, either on an in or outpatient basis, will be turned away because of the charge pending against him.

The principal thrust of the plaintiff's argument subsequent to the filing of the motion to dismiss, both in his reply brief and at oral argument, is apparently founded upon skepticism that the manner of dissemination of the communication will accomplish that which Taylor is seeking. That which is sought is confined only to the situation of the criminally charged veteran who is at liberty on bond, plaintiff not having contended that the veteran who is incarcerated may nevertheless seek VA hospitalization. Taylor's argument fastens upon the language that the interim issue will not be confirmed by a printed issue from which we are asked to speculate that the telegram or teletype will be filed away some place and that admission officials will continue to adhere to a printed manual and deny those in Taylor's bonded position from use of the VA facilities.

---

3. The reason for the issue in the communication was given as being to eliminate "such words as 'paroled or released unconditional-ly'"; however, the text of the revised paragraph also shows elimination of the alternative requirement that charges be dropped.

This appears to us to be a form-over-substance argument. The Government in its brief flatly asserts the following:

"Section 2.08(b)(1) now provides that the VA will accept a veteran facing criminal charges provided 'there is no obligation placed * * * on the VA to exercise custodial restraint or assure the return of the veteran to custody upon completion of treatment.' Accordingly, if a veteran has been released on bond, it is now clear that the VA will accept him for treatment because '[a]ny required appearances or obligations are then the responsibility of the patient, not the Veterans Administration.' Thus, because the regulation plaintiff seeks to strike down is no longer in effect, and because the new regulation is not capable of the interpretation objected to by plaintiff, there is no longer a dispute between the parties."[4]

Further, in response to a question from the bench, counsel for the Government represented to this court that a criminally charged veteran who is at liberty on bond, if otherwise eligible, will be the recipient of VA hospital attention, or in the wording of both the original and revised sections a veteran because of criminal charges does not forfeit any right he or she may have to hospital or domiciliary care by the VA.

It is apparent to us that the real mischief-maker in this litigation, which unfortunately apparently because of the ponderousness of government could not be worked out by the parties sitting down together, was not any real reluctance on the part of VA to provide the criminally charged veteran necessary treatment—treatment which might be particularly essential for such a person—but rather because of a fear that the VA might become embroiled in responsibility for the custody of the veteran. Thus, Richard L. Roudebush, Administrator of Veterans Affairs, in an affidavit submitted to the district court, stated:

"The VA is without the physical or legal means of exercising civil custody or custodial restraint on patients admitted to our hospitals. We do not have personnel who are either equipped or authorized to exercise penal authority over incarcerated persons, nor do we have legal authority to place patients under custodial restraint other than for medical treatment. Our physical facilities are likewise inadequate to deal with the various restrictions that would be required in exercising civil custody of patients. Primarily, we have a system of medical facilities, designed to treat persons who are free to come and go as they please. We are totally incapable, with the exception of a few Neuropsychiatric facilities of a closed ward type, of restricting the escape of an individual from one of our facilities."

We are satisfied that the only outstanding requirement for a criminally charged veteran to be the recipient of VA medical and hospital attention is that insofar as the VA is concerned the veteran not be under any court restraint which would preclude his freedom of movement in and out of the governmental facilities. The veteran at liberty on bond would not impose any custodial responsibilities on the VA. Accordingly, we hold that the issue presented by this appeal has been mooted. Our ordinary procedure at such a posture would be to vacate the judgment of the district court and remand the cause to the district court with directions to reinstate the cause on its calendar so that it can be dismissed as moot. See *Bjerkan v. United States of America*, 529 F.2d 125,

4. We do note, although it was not argued, that the primary revision referenced in the communication was to M-1, Part I, Chapter 4, Paragraph 4.22, although the references otherwise in this litigation are to what is designated as M-2, Part X, Chapter 2, Paragraph 2.08(b). However, from an affidavit in the trial court record it is clear that the phrasing in both sections was the same and from the communication itself it appears that the only reasonable construction is that the revision is also equally applicable to both.

(7th Cir. 1975). We are not unmindful, however, of the concern expressed by the plaintiff that a possibility could exist of a lack of awareness of the change in the controlling rule. Government today is hampered in easy operation by a massive complex of documentary controls. Even those skilled in the law are not always aware of changes therein. Accordingly, although the judgment of this court is that the district court judgment be vacated, we are not at this time ordering that the complaint be dismissed. Instead, the district court, which is better adapted for such activity than is this court, before dismissing the complaint because of mootness shall by means of hearing, or such other procedures as it may deem appropriate, satisfy itself that dissemination of the revised guideline has been accomplished to the same extent and with the same effect as any other change in rules and regulations controlling similar governmental activity. We, of course, cannot expect or anticipate that there might not be a possibility that some admitting official now and then might not follow what should be controlling rules of procedure any more than we could in realism expect that some such official might not have turned down a person in the position of Taylor after his release even if there had never been a Section 2.08(b)(1) on the books in the first place. Such an official, not the VA, in such an event simply is not following controlling law. The case, therefore, is remanded to the district court for further proceedings in accordance with this opinion. The judgment of this court shall provide that the plaintiff-appellant Taylor shall be entitled to recover his costs on this appeal.

Judgment vacated and case remanded.