**QUINCY OIL, INC., Plaintiff,**

v.

**FEDERAL ENERGY ADMINISTRATION, Defendant.**

**Civ. A. No. 76–4096–C.**

United States District Court, D. Massachusetts.

July 17, 1979.

Timothy H. Gailey, Hale & Dorr, David S. Mortensen, Boston, Mass., for plaintiff.

Linda L. Pence, U. S. Dept. of Justice, Civil Division, Washington, D. C., for defendant.

Cynthia S. Bogorad and Bonnie Blair, Spiegel & McDiarmid, Washington, D. C., Edward A. Roster, Roster & Antine, Taunton, Mass., Carolyn S. Grace, Asst. U. S. Atty., Boston, Mass., Mark J. Kreitman, Ellen P. Spangler, U. S. Dept. of Energy, Regulatory Litigation Div., Washington, D. C., for intervener, Taunton Municipal Lighting Plant.

## MEMORANDUM

CAFFREY, Chief Judge.

This matter came before the court on the Department of Energy's (DOE) motion to dismiss the case as moot. The basic facts of this case are set forth in a previous memorandum of this court filed April 2, 1979. *Quincy Oil, Inc. v. FEA*, 468 F.Supp. 383 (D.Mass.1979). The case involves an appeal from a DOE order in which DOE found that Quincy had violated the mandatory petroleum price regulations in its sales to Taunton by calculating its maximum allowable selling price by reference to its variable price contract with Taunton. That order was predicated upon FEA Ruling 1977–5. Thus this case also involves the validity of Ruling 1977–5.

The posture of the case has changed significantly since the appeal was filed in this court. On April 13, 1979, DOE issued Ruling 1979–1. That Ruling concludes, *inter alia*, that Ruling 1977–5 is erroneous to the extent that it fails to consider the entry into a variable price contract within the meaning of "transaction" as that term is defined in the mandatory petroleum price regulations at 10 C.F.R. ¶ 212.31. Accordingly, on April 17, 1979 DOE filed an admission of error and a motion to dismiss this case on the ground of mootness. At the same time, DOE announced its intention to withdraw the Remedial Order (RO) which was predicated on the now withdrawn portion of Ruling 1977–5.

Taunton intervened as party defendant in the action and on April 23, 1979 filed a motion in opposition to the withdrawal of the RO. Taunton asserts that once an appeal to this court has been perfected DOE lacks jurisdiction to withdraw the RO. Taunton further argues that DOE based its withdrawal on an invalid and erroneous interpretation of its regulations.

On April 30, 1979 Quincy filed a motion in opposition to DOE's motion to dismiss on the basis that DOE had not actually withdrawn the RO which has been the subject of this action and sought an entry of judgment against DOE based on its admission of error.

On May 2, 1979 DOE withdrew the RO which it contends ended the disagreement between the parties to this action. At oral argument, Quincy stated it no longer opposed DOE's motion to dismiss "since the controversy had dried up." There no longer being a dispute between DOE and Quincy, DOE now stands ready to release funds which DOE directed Quincy to deposit in escrow as a condition for stay of the RO. There now exists approximately $820,000 in escrow including interest. Taunton has filed a motion seeking to enjoin DOE from disbursing those funds to Quincy.

To moot a case for Article III purposes no continuing controversy can remain between the parties. Here, during the pendency of the appeal from the agency's orders, DOE promulgated Ruling 1979–1 which concluded that entry into a binding variable price contract is a "transaction" under the mandatory petroleum price regulations. Indisputably, DOE possessed the authority to alter its regulatory scheme subsequent to the filing of an appeal challenging that scheme. *E.g., Relf v. Weinberger*, 565 F.2d 722 (D.C. Cir. 1977); *Taylor v. United States*, 528 F.2d 60 (7th Cir. 1976). *See also Monell v. Department of Social Services*, 532 F.2d 259 (2d Cir. 1976), *rev'd on other grounds*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Adoption of new regulations which satisfy the principles urged on appeal against former regulations has the effect of mooting the appeal. *Relf v. Weinberger, supra* at 727; *Taylor v. United States, supra* at 64.

Intervenor Taunton opposes dismissal on the theory that once an appeal to this court has been perfected DOE lacks jurisdiction to withdraw the RO. For this proposition, it relies on cases in which a final judicial decree had entered prior to the agency's attempt to modify its order. *See,* *International Union of Mine, Mill and Smelter Workers v. Eagle-Pitcher Mining and Smelting Co.*, 325 U.S. 335, 65 S.Ct. 1166, 89 L.Ed. 1649 (1945); *In Schempp v. School District of Abington Township*, 184 F.Supp. 381 (E.D.Pa.1959). The situation here is thus quite different. DOE has withdrawn its reliance upon a regulation which it no longer believes is correct and has withdrawn the RO predicated on that regulation after the filing of an appeal but prior to any judicial review of either the order or the regulation. In *United Gas Company v. Callery Properties*, 382 U.S. 223, 229, 86 S.Ct. 360, 15 L.Ed.2d 284 (1965), the Supreme Court recognized that an administrative agency may modify an order which has not been unequivocally affirmed by a court of law. *Placid Oil Co. v. FPC*, 483 F.2d 880, 904 n.28 (1973), *aff'd Mobil Oil Corp. v. FPC*, 417 U.S. 283, 94 S.Ct. 2328, 41 L.Ed.2d 72 (1974). *Cf. Bux Employees v. Missouri*, 374 U.S. 74, 83 S.Ct. 1657, 10 L.Ed.2d 763 (1963) (executive seizure order terminated after appeal therefrom filed). Thus, I hold that the posture of this case at the time of DOE's withdrawal of the RO permitted DOE to so act.

In altering its regulatory scheme and withdrawing its RO, DOE abandoned the position which caused Quincy to file the appeal in this action. Thus, the adoption of Ruling 1979–1 which satisfies the principles urged in attacking Ruling 1977–5 and the withdrawal of the RO predicated thereon moots Quincy's attack on Ruling 1977–5. In order to sustain appellate review a case must remain alive throughout the course of appellate review. *See Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975). Since there is no longer a live case or controversy between Quincy and DOE, the case should be dismissed on the grounds of mootness and an order should enter vacating the order of DOE appealed to this court.

Taunton seeks to defeat dismissal on the ground of mootness. It seeks a temporary restraining order to enjoin disbursement of the escrow fund. As grounds

thereto, it asserts that Ruling 1979–1 is invalid and erroneous. It is significant that Taunton has filed a separate action, *Taunton v. DOE*, Civil Action No. 79–829–C, seeking such a declaration. However, that contention is not part of this appeal. Since Taunton has not challenged Ruling 1979–1 here Taunton now lacks an independent basis as a party in this appeal apart from its status as an intervenor, and therefore, Taunton cannot proceed on its own in this case. *Ruotolo v. Ruotolo*, 572 F.2d 336, 339 (1st Cir. 1978).

Accordingly, an order shall enter granting defendant's motion to dismiss this case on the grounds of mootness.