**TAUNTON MUNICIPAL LIGHTING PLANT, Taunton, Massachusetts, Plaintiff-Appellant,**

v.

**DEPARTMENT OF ENERGY, James R. Schlesinger, Secretary, Department of Energy, and Quincy Oil, Inc., Defendants-Appellees.**

No. 1–6.

Temporary Emergency Court of Appeals.

Argued Jan. 29, 1980.

Decided April 9, 1980.

---

Bonnie S. Blair, Spiegel & McDiarmid, Washington, D. C., with whom Robert C. McDiarmid and Cynthia Schneider Bogorad, Washington, D. C., and Edward A. Roster, Roster & Antine, Taunton, Mass., were on brief, for plaintiff-appellant Taunton Municipal Lighting Plant.

David S. Mortensen, Hale & Dorr, Boston, Mass., with whom Timothy H. Gailey and Barbara L. Moore, Boston, Mass., were on brief, for defendant-appellee Quincy Oil, Inc.

Barbara L. Gordon, Dept. of Justice, Washington, D. C., with whom Alice Daniel, Asst. Atty. Gen., Dennis G. Linder and C. Max Vassanelli, and Larry P. Ellsworth and David A. Engels, Dept. of Energy, Washington, D. C., were on brief, for defendant-appellee Department of Energy.

Before METZNER, PECK and LACEY, Judges.

METZNER, Judge.

Taunton Municipal Lighting Plant (Taunton) appeals from an order of the District Court for the District of Massachusetts denying its motion for a preliminary injunction.

In this action Taunton challenges the validity of Ruling 1979–1 issued by the defendant Department of Energy (DOE), and seeks a declaratory judgment and injunctive relief. Taunton also attacks the withdrawal by DOE of a Remedial Order (RO) which it issued following the promulgation of Ruling 1979–1. Finally, Taunton seeks to enjoin DOE from disbursing an escrow account created by defendant Quincy Oil, Inc. (Quincy) in connection with the RO.

The motion for a preliminary injunction with which we are concerned refers to the disbursement of the escrow account. DOE promulgated Ruling 1977–5 and pursuant thereto had issued the RO which directed Quincy to refund to Taunton some $700,000 in overcharges in sales of No. 6 oil. As a condition for holding the RO in abeyance pending administrative and court review of the validity of Ruling 1977–5 and the RO, Quincy was directed to set up an escrow account into which it deposited the $700,-000.

The underlying facts in the court review sought by Quincy are fully set forth in *Quincy Oil, Inc. v. FEA*, 468 F.Supp. 383 (D.Mass.1979). As the court below pointed out, while the action sought to set aside the RO, it really involved the validity of Ruling 1977–5. Subsequently and during the pendency of the litigation, DOE issued Ruling 1979–1 and withdrew the RO.

Taunton has been endeavoring to keep the escrow account from being disbursed pending the determination of its attack on the validity of Ruling 1979–1. In *Quincy Oil, supra*, Taunton was permitted to intervene as a party defendant in the action by Quincy to declare the RO invalid. Then came the instant action which was followed by an individual action by Taunton against Quincy to recover alleged overcharges. Basically, all actions involve issues as to the validity of Ruling 1977–5, Ruling 1979–1 and the RO.

DOE voluntarily withheld freeing the escrow account pending action by the district

898

court. Quincy was granted permission by the court below to intervene in this motion by Taunton to restrain the disbursement of the account to Quincy.

On July 17, 1979, Judge Caffrey, in *Quincy Oil, Inc., supra,* denied Taunton's motion for an order restraining DOE from withdrawing the RO and disbursing the escrow fund to Quincy. As between Quincy and DOE, the court found that the litigation was moot because of the adoption of Ruling 1979–1, and dismissed the complaint. That determination has been affirmed by this court on April 9, 1980.

As far as Taunton was concerned, the court found that it had not raised the issue of the invalidity of Ruling 1979–1 in that action, and had filed a separate action seeking such a declaration. That separate action is the one under consideration here. As we noted in the opinion affirming the order of dismissal, this court was of the view that Taunton did raise the issue as soon as DOE brought it into the litigation for the first time as the basis for the motion to dismiss. However, as stated there, "we recognize the practical wisdom of Judge Caffrey's dismissal on grounds of mootness."

The inference by the district court that Taunton could pursue its challenge to Ruling 1979–1 in the instant case influenced the affirmance in the *Quincy Oil* case.

The district court, in a separate opinion on the same day, turned its attention to the motion under consideration here. It said:

"In light of this court's ruling in *Quincy Oil, Inc. v. FEA,* 472 F.Supp. 1233 (D.Mass.1979), Taunton is estopped from contesting the DOE's lawful withdrawal of the RO."

The court went on to hold that Taunton failed to state a claim in this action which would entitle it to injunctive relief.

"The injury complained of in this suit is the enforcement of Ruling 1979–1. The injury complained of in its motion for a preliminary injunction is disbursement. The existence of the escrow fund is contingent upon the RO which has been lawfully withdrawn. Thus, even if Taunton were to succeed in its complaint filed in this action it would not have a legal right to the escrow funds. A decree entered by the court in this action might enjoin Ruling 1979–1 but it would not grant to Taunton a legal right to the escrow funds."

Finally, the court said that since Taunton had a third action pending, that one directly against Quincy, "in which it can be fully compensated," there is no showing of irreparable harm. The court stated that "Taunton's proper course to preserve the fund is to seek attachment in that action where it has standing to assert its interest in Quincy's assets."

Taunton's amended complaint in this case alleges in paragraphs 59 through 62 that the withdrawal of the RO was arbitrary and capricious and otherwise invalid, and that Taunton had suffered damage by reason of DOE's action in excess of its statutory authority. In the prayer for relief Taunton seeks a declaratory judgment that the RO was valid and that the withdrawal of the RO is void and invalid and should be vacated and the RO reinstated.

Not only was the court below faced with the challenge to the validity of Ruling 1979–1, it was also presented with the challenge to the withdrawal of the RO.

The determination in the *Quincy Oil* case that the action was moot did not determine the validity of Ruling 1979–1 nor the withdrawal of the RO. The court accepted the request for dismissal by DOE and Quincy's acquiescence thereto without passing upon the validity of DOE's actions. The court ruled that Taunton could not litigate the validity issue in response to DOE's motion for dismissal. This despite the fact that Taunton had been permitted to intervene to protect its rights which were then defeated by the agreement of the original opposing parties. Obviously, under such circumstances, Taunton is not collaterally estopped by that order. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).

The disposition of the escrow fund was intricately bound up with the propriety of the withdrawal of the RO. It was created as security for Taunton if it proved to be successful in the litigation. DOE obviously recognized this because it held up disbursing the fund pending determination of the motion below. The fund should not be disbursed pending adjudication by the court below of Taunton's claims regarding Ruling 1979–1 and the withdrawal of the RO. Assuming that the *Quincy Oil* case was not the proper vehicle to litigate those questions, certainly this suit against DOE, in which DOE's actions are being questioned, is the proper one, and not the private action by Taunton against Quincy.

This, however, does not dispose of the appeal. As the record now stands the court below has not decided the underlying substantive issues. It merely refused to protect the security interest of Taunton. The denial of the motion for a preliminary injunction is interlocutory and plaintiff failed to obtain the necessary certification to take this appeal from the district court as provided by 28 U.S.C. § 1292(b). *Exxon Corporation v. Federal Energy Administration*, 516 F.2d 1397 (TECA 1975). Of course, even if such certification has been obtained, appeal does not lie of right, since plaintiff would then have had to apply to this court within ten days after the entry of the order for permission to take the appeal.

The appeal is dismissed.

Quincy's motion for an award of costs and damages is denied.

So ordered.