James L. TAYLOR, on behalf of himself
and all others similarly situated,
Plaintiff,

v.

UNITED STATES of America et al.,
Defendants.

No. 74 C 840.

United States District Court,
N. D. Illinois.

Nov. 13, 1974.

Jerome Feldman, Chicago, Ill., for plaintiff.

James R. Thompson, U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes before the Court on defendant's motion to dismiss for lack of jurisdiction or for a summary judgment in its favor.

This is an action brought pursuant to 28 U.S.C. § 1331 on behalf of a purported class of veterans who allegedly have, or will be, denied hospital or domiciliary benefits by virtue of § 2.08(b)(1) of the Veterans Administration Department of Medicine & Surgery Regu-

lations (No. M–2, Part X, § 2.08(b)(1). The regulation states:

b. *Patients Under Criminal Charges*

(1) A veteran under criminal charges, or in the custody of civil authorities, does not forfeit any right he may have to hospital or domiciliary care by the Veterans Administration. However, the veteran must be in a position to accept hospital or domiciliary care if it is proffered to him by the Veterans Administration. Charges will have to be dropped, and/or the veteran paroled or released unconditionally to the Veterans Administration. If the veteran is paroled by the court, he may be accepted only if there is no obligation to restore him thereafter to the custody of the civil authorities. This does not preclude advising the civil authorities of the contemplated date of discharge when requested.

On March 22, 1974, the named plaintiff, James L. Taylor, was denied admission to the Veterans Administration Hospital because, at that time, he was in the custody of the State of Illinois Department of Corrections by virtue of a pending criminal charge for disorderly conduct. Mr. Taylor is charged with a charge of aggravated assault against a police officer. He had been previously released on bond as to this charge.

Illinois Circuit Court Judge James Murray, on March 22, 1974, attempted to order the Veterans Administration Hospital to accept James Taylor for medical treatment, pending a determination of his competency to stand trial. Apparently, the court had received several psychiatric reports which indicated that Mr. Taylor was a paranoid schizophrenic, and in need of medical attention. Although Mr. Taylor was before the court for trial on the aggravated assault charge, Judge Murray was reluctant to proceed in light of the question of the defendant's competency and apparent need of care. Because, however, the state court was without jurisdiction to order the Veterans Administration to admit Taylor, Judge Murray suggested that Taylor's attorneys proceed in federal court, so as to obtain an order commanding that the Veterans Administration receive Mr. Taylor.

The initial complaint, Count I, was brought before Judge Phillip Tone of the United States District Court for the Northern District of Illinois as an emergency prayer for mandamus and other relief on March 26, 1974. At that time Judge Tone declared § 2.08(b) to be unconstitutional and issued a temporary restraining order against the defendant Veterans Administration enjoining it from enforcing § 2.08(b) against James L. Taylor, and set a hearing for a preliminary injunction for a future date before this Court.

Judge Tone's findings of fact were as follows:

"3. It is undisputed that plaintiff has been denied admission to a Veterans Administration Hospital solely because he has been accused of a crime and defendants regard section 2.08 above as binding upon them.

4. Section 2.08 is not authorized by any statute and operates to deny plaintiff due process of law in violation of the Fifth Amendment. Since a person is presumed to be innocent until proven guilty the pendency of a criminal charge, without conviction, cannot lawfully be the basis for depriving him of substantial rights. Section 2.08 is hereby declared to be invalid as depriving plaintiff James L. Taylor of his rights to veterans' benefits without due process of law."

■ Defendants, in support of their motion, allege that the Court lacks jurisdiction on the grounds that (1) no federal right of action is created since the regulation amounts to only a policy guideline; (2) that judicial review is prohibited under 38 U.S.C. § 211 which provides that the decisions of the Administrator on any question of law or fact under any law administered by the Veterans Administration providing benefits for veterans are final and conclu-

sive; (3) that there has been no showing that the matter in controversy exceeds $10,000 exclusive of interest and costs; and, (4) that the case is moot. However, it is the opinion of the Court that regardless of how the disputed regulation is classified it may substantially affect rights guaranteed to veterans under the due process clause of the Fifth Amendment to the Constitution of the United States. First of all, the rights sought to be protected by plaintiffs are secured to them under the Veterans Benefits Act, 38 U.S.C. §§ 601–612. These rights and the claims made by plaintiffs in their petition arise under this federal law and therefore jurisdiction was properly invoked before this Court under 28 U.S.C. § 1331.

■ Secondly, the Court is of the opinion that 38 U.S.C. § 211 is not applicable in this case because there is no decision of an Administrator on a question of law or fact pertaining to the administration of benefits. In addition § 211 has never prevented judicial review where the controversy involved constitutional questions beyond the scope of authority of the Veterans Administration.

Thirdly, plaintiff has made an initial showing that the matter in controversy exceeds $10,000 exclusive of interests and costs. Plaintiff was repeatedly denied admission by the defendant over a period of months. Given the fact that once admitted to the VA Hospital under Judge Tone's Order Taylor did actually remain confined as an inpatient for approximately 85 days, it is clear that the denial could have amounted to an actual damage claim of over $10,000 considering present day medical costs.

■ Fourth and last of all is defendants' claim that the case is moot. The government cites DeFunis v. Odegaard, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974) in support of its contention. In *DeFunis* the Supreme Court found that the plaintiff (who sued only on his own behalf as opposed to suing on behalf of all those similarly situated as in this case) would not himself ever again "be required to run the gauntlet of the Law School's admission process, and so the question is certainly not 'capable of repetition' so far as he is concerned."

The same cannot be said for named plaintiff herein. While a graduating law school student cannot reasonably be expected to have a need or desire to repeat the entire process of his legal education, thereby once again exposing himself to the hazards of a denial of his rights as experienced by DeFunis, no such certainty can exist for a man who has suffered the debilitations of paranoid schizophrenia. Such a disorder, unlike the need for a legal education, can be, and often is, a recurrent problem which requires more than one and oftimes many confinements in hospitals with accompanying treatment by psychiatric personnel. Having been released but still under medication and treatment by psychiatric personnel, and still being under criminal charges brought by the People of the State of Illinois, plaintiff Taylor's cause of action before this Court is anything but moot.

At no time during the months these proceedings have been pending in federal court have defendants given any indication to the Court or to plaintiffs herein that they will repeal § 2.08(b) or in any manner move to eliminate its effect of denying plaintiffs the right secured to them under Title 38, U.S.C. as a result of the Mandamus issued upon them by the Court on March 26, 1974.

Thus, as plaintiff Taylor remains in treatment, under medication, under criminal charges by the State, and still technically refused treatment except for the temporary order of this Court, so far as he is concerned § 2.08(b) is very much capable of repetition.

Defendants err in extrapolating from the *DeFunis* decision that the test of mootness in the instant case can be measured only in terms of the named plaintiff. Even if the issue were moot as to

named plaintiff, it is clear that as to the remainder of the class § 2.08(b) is still capable of repetition and is thus clearly an issue properly before this Court at this time.

Accordingly, defendants' motion to dismiss is hereby denied.