**Francis P. ARNOLDS, Plaintiff,**

v.

**VETERANS' ADMINISTRATION, an agency of the United States, and Max Cleland, as Administrator of the Veterans Administration, Defendants.**

No. 80 C 3806.

United States District Court,
N. D. Illinois, E. D.

Feb. 10, 1981.

Edward Burke Arnolds, Chicago, Ill., for plaintiff.

Robert T. Gruenberg, Asst. U. S. Atty., Chicago, Ill., for defendants.

MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff, Francis P. Arnolds ("Arnolds"), brought this action for declaratory and injunctive relief against the Veterans Administration, an agency of the United States,

and Max Cleland, as Veterans Administrator ("defendants"), alleging that by their unreasonable delay in processing his application for educational benefits, the defendants violated his statutory and constitutional rights, including his right to due process and equal protection of the law under the Fifth Amendment to the Constitution of the United States. Arnolds also seeks monetary relief in the amount of benefits he would have received had the defendants processed his application in a timely manner. Jurisdiction is asserted pursuant to 28 U.S.C. §§ 1331, 1346, 1361, 2201 and 5 U.S.C. § 702.

This matter is presently before the Court on defendants' motion to dismiss the complaint for lack of subject matter jurisdiction on the ground that 38 U.S.C. § 211(a) precludes judicial review of all decisions of the Veterans' Administration relating to benefits. Fed.R.Civ.P. 12(b)(1). Arnolds has also moved to strike defendants' first affirmative defense, contained in their amended answer, that this Court "lacks jurisdiction over the subject matter of this action because all decisions relating to benefits are unreviewable by virtue of 38 U.S.C. § 211(a) as amended." Fed.R.Civ.P. 12(f). The issue presented in both motions is thus identical, viz, does section 211(a) oust this Court of jurisdiction in the instant case. For the reasons set forth in this opinion, defendants' motion to dismiss is denied and Arnolds' motion to strike is granted.*

### FACTS

Arnolds is a veteran of the Viet Nam conflict, having served sixty months of active duty, from October 1, 1964, until October 1, 1969, as an officer in the United States Navy. Veterans who serve more than eighteen months of active duty are entitled to receive educational benefits for a period of forty-five months pursuant to 38 U.S.C. § 1661. However, 38 U.S.C. § 1662

provides that educational assistance benefits shall not be provided beyond ten years after the date the veteran is discharged from active duty. Thus, Arnolds was eligible to receive educational assistance benefits through October 1, 1979 (hereinafter referred to as the "delimiting date") since he was discharged ten years earlier on October 1, 1969.

In January, 1979, Arnolds made his first written request for a statement of his eligibility for vocational flight training benefits from the defendants pursuant to 38 U.S.C. § 1677. He allegedly made subsequent written requests in April and May, 1979, along with numerous telephone inquiries, all to no avail. Finally, in August, 1979, Arnolds received a Statement of Eligibility and approval from the defendants indicating that he was entitled to reimbursement for his desired course of study. Arnolds maintains that he began his flight training as soon as he could following his receipt of defendants' approval, and he continued the training until the delimiting date. During that period, Arnolds apparently was able to complete two courses and he was reimbursed for ninety percent of the tuition and fees as required by 38 U.S.C. § 1677(b). He contends, however, that if defendants had been more diligent in processing his application and approved it "even a few weeks earlier," he would have been able to complete several more courses before his delimiting date, the tuition and fees for which would have substantially exhausted his remaining benefits. Plaintiff's Brief in Support of Motion to Strike at 3 n.1.

By letter dated September 28, 1979, prior to the delimiting date, Arnolds requested that the defendants extend the time period during which he could receive benefits because their allegedly unreasonable delay in processing his application resulted in his being able to use only a small portion of the

---

* Defendants maintain that Arnolds' motion to strike their first affirmative defense pursuant to Fed.R.Civ.P. 12(f) is inappropriate at this time. However, Rule 12(f) "gives unrestricted authority to the district courts to strike 'insufficient' defenses" at any time upon either the motion of a party or the court's own initiative. *United States v. 416.81 Acres of Land,* 514 F.2d 627, 630 n.3 (7th Cir. 1975). Accordingly, Arnolds' motion to strike is properly before the Court.

benefits to which he was entitled. In the event his request was denied, Arnolds also asked for a hearing in order to present evidence and argument in support of his request for an extension. Defendants denied both the request for the extension and the hearing. They maintain that the sole ground for an extension of benefits is mental or physical disability of the applicant and that the regulations of the Veterans Administration do not allow for taking the defendants' delay into consideration. Arnolds filed this lawsuit in July, 1980.

## THE MOTIONS TO DISMISS AND TO STRIKE

Section 211(a) provides, in pertinent part, that:

> the decisions of the Administrator on any question of law or fact under any law providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

In *Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974), the Supreme Court held that while section 211(a) precludes judicial review of the decisions of the Veterans Administrator, it does not bar review of a constitutional challenge to legislation providing benefits to veterans. 415 U.S. at 367, 94 S.Ct. at 1165. At the outset, the Court noted that a contrary construction of the jurisdictional bar would "raise serious questions concerning the constitutionality of § 211(a)." 415 U.S. at 366, 94 S.Ct. at 1165. In order to avoid dealing with that constitutional question, the Court distinguished between a challenge to a decision of the Administrator, which involves "the interpretation or application of a particular provision of the statute to a particular set of facts," 415 U.S. at 367, 94 S.Ct. at 1165, and a challenge to the constitutional validity of a part of the statute itself. In the latter case, the Court reasoned, the policies underlying the jurisdictional bar embodied in section 211(a)—that veterans'

benefits claims not burden the courts with expensive and time-consuming litigation and that technical and complex determinations and applications of Veterans' Administration policy connected with veterans' benefits decisions be adequately and uniformly made—would not be implicated. 415 U.S. at 371, 94 S.Ct. at 1167. Thus, section 211(a) did not bar judicial review of the issues presented in that case.

In the wake of *Johnson*, lower federal courts have narrowly construed section 211(a) to bar only judicial review of individual benefits claims after a denial or termination of benefits by the Administrator. Section 211(a) has not precluded review of constitutional challenges to the regulations, procedures, or policies promulgated by the Veterans Administration or of charges that the Administrator had exceeded his statutory authority in administering veterans' benefit programs in a particular manner. *See University of Maryland v. Cleland*, 621 F.2d 98 (4th Cir. 1980) (section 211(a) did not bar review of allegations that the Administrator had exceeded his statutory authority by failing to mail benefit checks in a timely manner); *Devine v. Cleland*, 616 F.2d 1080 (9th Cir. 1980) (section 211(a) no bar to challenge to the procedures used by the Veterans' Administration to suspend or terminate benefits); *Wayne State University v. Cleland*, 590 F.2d 627 (6th Cir. 1978) (section 211(a) no bar to suit challenging Administrator's authority to promulgate particular regulations); *Carter v. Cleland*, 472 F.Supp. 985 (D.D.C.1979) (section 211(a) no bar to constitutional challenge to administrative guideline or regulation defining eligibility for benefits); *Taylor v. United States*, 385 F.Supp. 1034 (N.D.Ill.1974), *reversed and remanded on other grounds*, 528 F.2d 60 (7th Cir. 1976) (section 211(a) no bar to constitutional challenge to Veterans' Administration regulations). In each of these cases, the courts emphasized that the issue presented was not whether the Administrator's decision granting or denying benefits in a particular case was right or wrong, but rather whether the Administrator had acted consistently with his grant of authority or had exceeded his authority and acted in

violation of veterans' rights guaranteed by the fifth amendment.

 In the case at bar, Arnolds raises two potential claims for review. First, he alleges that the defendants acted unreasonably in not processing his application for benefits in a timely manner thereby denying him equal protection of the laws and depriving him of property without due process of law in violation of the fifth amendment. Arnolds also appears to challenge the defendants' decision not to extend his benefits after the delimiting date pursuant to his request. Arnolds' latter claim clearly is barred by the terms of section 211(a), however, his claim that the Administrator exceeded his statutory authority by not processing his application for benefits in a timely fashion appears to fit within the exceptions to the jurisdictional bar recognized in *Johnson* and developed by the lower courts since that decision.

Section 555(b) of the Administrative Procedure Act, 5 U.S.C. § 555(b), provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." Where administrative delays have exceeded the bounds of reasonableness, courts have stepped in and required the administrator to meet his or her statutory obligations. *Caswell v. Califano*, 583 F.2d 9, 15 (1st Cir. 1978); *Environmental Defense Fund, Inc. v. Hardin*, 428 F.2d 1093, 1099 (D.C.Cir.1970). It is conceivable that administrative delay might become so egregious as to implicate concerns with due process under the fifth amendment. This is precisely Arnolds' claim in the case at bar, and whether or not Arnolds will ultimately prevail on the merits, it is clear that the section 211(a) bar on judicial review of the decisions of the Veterans Administrator does not extend to preclude review of the procedures employed by the Administrator that are alleged to be in conflict with his statutory authority. *University of Maryland v. Cleland, supra,* 621 F.2d at 101; *Wayne State University v. Cleland,* 590 F.2d at 632. As Judge Bauer said in *Taylor v. United States, supra,* 385 F.Supp. at 1036, "[section] 211 has never prevented judicial

review where the controversy involved constitutional questions beyond the scope of authority of the Veterans Administration."

Viewed in this light, Arnolds is not challenging a "decision[ ] of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans...." 38 U.S.C. § 211(a). Indeed, the defendants in this case have stated explicitly that delays in the processing of applications for veterans' benefits, even unreasonable delays, do not enter into their decision-making process. *See* Exhibit E to Plaintiff's Brief In Support of Motion to Strike. Rather, the circumstances in the instant case are more closely analogous to those in *University of Maryland v. Cleland, supra,* in which the issue was whether the Administrator had exceeded the scope of his authority in not mailing benefit checks to the University in a timely manner, thus causing the University to forfeit benefits to which it was otherwise entitled. Arnolds, like the plaintiff in that case, "alleges that the Administrator [acted] arbitrarily, beyond the scope of his powers." 621 F.2d at 101.

Accordingly, defendants' motion to dismiss this action is denied and Arnolds' motion to strike the defendants' first affirmative defense is granted. It is so ordered.