Alex E. WINSLOW, Plaintiff-Appellant,

v.

Harry N. WALTERS, Administrator of Veterans Affairs, Defendant-Appellee.

No. 85–1316.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 7, 1986.
Decided March 31, 1987.

Adrian Cohen, Milwaukee, Wis., for plaintiff-appellant.

Melvin K. Washington, Asst. U.S. Atty., Joseph P. Stadmueller, U.S. Atty., Milwaukee, Wis., for defendant-appellee.

Before BAUER, Chief Judge, CUMMINGS and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

The appellant, Alex Winslow, filed suit against the Veterans Administration ("VA"). Winslow claimed that certain de-

terminations that the VA made regarding his eligibility for a service-connected pension were incorrect. He also asserted that the VA's failure to provide him with hearings prior to making these determinations violated his right to due process. The VA moved for summary judgment, asserting both that 38 U.S.C. § 211(a) deprived the court of subject matter jurisdiction, and that Winslow had failed to state a claim on which relief could be granted. The district court, although discussing only the jurisdictional issue, granted the entire motion. On appeal, Winslow contests only the dismissal of his constitutional claim. We conclude that Winslow has stated a claim that arises under the Constitution. We therefore reverse in part, vacate in part, and remand the case to the district court.

## I.

Alex Winslow is a veteran of World War II. At the time of his discharge in 1945, Winslow applied to the Veterans Administration for a service-connected disability pension. Winslow claimed that his ears had been physically injured while he was in the service, and that as a result he had lost a portion of his hearing. Based on this physiological damage, the VA rated Winslow 10% disabled and awarded him a pension of $11.50 per month. In 1948, the VA raised Winslow's disability rating to 20%, and increased his benefits to $15.75 per month. Five years later, however, the VA determined that it had misrated Winslow. The agency therefore informed him that it was reducing his disability rating to 10% and decreasing his benefits accordingly. Although the agency told Winslow that he had one year to contest this reduction through the VA's administrative appeals system, Winslow did not appeal.

In 1958, Winslow requested the VA to reevaluate his disability. The VA initially informed Winslow that his disability rating would remain at 10%. However, the agency subsequently informed Winslow that his rating would be reduced to zero and that it would eliminate his pension. Winslow appealed this decision within the VA's administ-

istrative structure. This appeal, however, was unsuccessful.

In 1961 Winslow submitted additional medical evidence to substantiate his claim that he had suffered a partial hearing loss as a result of a service-connected ear injury. The VA concluded that Winslow was 30% disabled, but that his hearing loss was the result of a service-connected psychoneurosis. Winslow, who had never claimed to be psychologically impaired, appealed this diagnosis. The VA affirmed its decision.

Not deterred, Winslow sought reconsideration of the VA's psychoneurosis diagnosis in 1963, 1965, 1974, and 1980. Each time, the VA found that Winslow's hearing loss was the result of a psychoneurosis rather than physiological damage. These determinations were upheld in administrative appeals.

In August, 1982, Winslow filed suit in federal district court against the VA, alleging that the determinations made by the agency were so erroneous that they violated due process. The VA subsequently reconsidered its decisions, concluding that Winslow's hearing loss was the result of physiological damage rather than psychological problems. The VA maintained the 30% disability rating.

In December, 1983, Winslow amended his complaint. He alleged that the VA had violated his due process rights because it had not provided him with a hearing prior to each change in his diagnosis and disability rating. The amended complaint requested that the court: reinstate his physiological disability diagnosis retroactively to 1958; award him retroactive disability benefits; purge his VA record of any reference to a psychoneurosis; and order the VA to provide him with a hearing should it subsequently alter his diagnosis or disability rating.

The VA moved for summary judgment under Federal Rule of Civil Procedure 56(b). The motion asserted that the district court lacked subject matter jurisdiction because 38 U.S.C. § 211(a) divested the court of authority to review an administrative decision of the VA. The motion also al-

leged that Winslow had failed to state a claim on which relief could be granted.

The district court granted the motion, observing that Winslow's "conclusory allegations of due process violations are insufficient to support jurisdiction.... The plaintiff is really seeking judicial review of the merits of the VA decisions.... The plaintiff cannot avoid the effect of § 211 by simply including an allegation of due process violations." *Winslow v. Walters,* No. 82 C 971, at 3 (E.D.Wis. Jan. 30, 1985) (decision and order). On appeal, Winslow does not challenge the dismissal of that portion of his complaint contesting the accuracy of the VA's determination as to the cause and extent of his disability. Winslow contests only the dismissal of his due process claim.

## II.

This case comes to us in an awkward procedural posture. The Veterans Administration sought dismissal on two distinct grounds: that the district court lacked subject matter jurisdiction and that the plaintiff had failed to state a claim on which relief could be granted. However, the VA combined both grounds in a Rule 56(b) motion for summary judgment. This was incorrect.

A party may move to dismiss for failure to state a claim under either Rule 12(b)(6) or, where the movant asks the court to consider materials outside the pleadings, under Rule 56. However, a party may move to dismiss for lack of subject matter jurisdiction only under Rule 12(b)(1). There is good reason for requiring parties to plead these motions differently. A ruling that a party has failed to state a claim on which relief may be granted is a decision on the merits with full res judicata effect. A party may therefore seek summary judgment, which is on the merits, on this issue. In contrast, a ruling granting a motion to dismiss for lack of subject matter jurisdiction is not on the merits; its res judicata effect is limited to the question of jurisdiction. *See Baldwin v. Iowa State Traveling Men's Association,* 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931). Seeking

summary judgment on a jurisdictional issue, therefore, is the equivalent of asking a court to hold that because it has no jurisdiction the plaintiff has lost on the merits. This is a nonsequitur. *See generally Exchange National Bank v. Touche Ross,* 544 F.2d 1126, 1130–31 (2d Cir.1976) (discussing the relationship among Rules 12(b)(6), and 56).

In this case, summary judgment was incorrectly granted against the plaintiff on the issue of whether the court had jurisdiction. The error was compounded by the granting of summary judgment on the remainder of the VA's motion, including the question of whether Winslow had stated a claim on which relief could be granted, even though the court apparently did not consider this issue.

The VA should have moved for dismissal for want of jurisdiction under 12(b)(1) and, in the alternative, for failure to state a claim under 12(b)(6). *See* Fed.R.Civ.P. 12(g) (consolidation of defenses in a motion). The district court would then have first considered whether it had jurisdiction. Had the court found that it had jurisdiction, it would then have considered the VA's motion asserting that the plaintiff had failed to state a claim. If the court found that Winslow had not stated a claim, it could have granted summary judgment. For the purposes of our review, we will treat the VA's motion as if it had been properly pleaded and assess the two grounds for dismissal.

## III.

Winslow contests the district court's ruling that it lacked subject matter jurisdiction to consider his request for an order requiring the VA to provide a hearing before further altering his disability rating. We conclude that the district court erred in holding that it had no jurisdiction over this claim.

### A.

Congress has provided that "no court of the United States shall have power or jurisdiction to review" any decision of the "Ad-

ministrator on any question of law or fact under any law administered by the Veterans Administration providing benefits for veterans." 38 U.S.C. § 211(a) (1982). Section 211(a) clearly deprives a federal court of the power to alter determinations made by the VA regarding disability ratings and entitlements to benefits. *See Devine v. Cleland,* 616 F.2d 1080, 1088 (9th Cir.1980). Nonetheless, "[j]urisdictional considerations like the one expressed in § 211(a) are to be interpreted narrowly." *Kirkhuff v. Nimmo,* 683 F.2d 544, 546 (D.C.Cir.1982). We must bear in mind the "presumption in favor of judicial review of agency actions." *Clarke v. Securities Industry Association,* — U.S. —, 107 S.Ct. 750, 757, 93 L.Ed.2d 757 (1987).

In assessing whether § 211(a) deprived it of jurisdiction, the district court looked at Winslow's complaint as a whole. The court believed that Winslow's "real" motive was to recoup his benefits. However, instead of dismissing only those claims that challenged the determinations of the VA regarding Winslow's diagnosis and benefits, the district court seems to have concluded that these impermissible claims vitiated the complaint as a whole. The court therefore dismissed the entire complaint.

The district court should have considered each of Winslow's claims separately. The fact that a court does not have jurisdiction over some of the claims in a complaint—even if the court believes they are the most significant claims—does not deprive the court of jurisdiction over claims that, standing on their own, would be sufficient to invoke the authority of the court. *See Lowrie v. Goldenhersh,* 716 F.2d 401, 404–05 (7th Cir.1983).

In determining whether the district court had jurisdiction to hear Winslow's due process claim, we are guided by the Supreme Court's decision in *Johnson v. Robison,* 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974). In *Robison,* the Court held that § 211(a) did not bar consideration of a claim that the exclusion of conscientious objectors from receiving VA educational benefits violated the First and Fifth Amendments. The *Robison* Court rea-

soned that a constitutional challenge to a Veterans Administration program is not a challenge to a " '*decision[ ]* of the Administrator on any question of law or fact *under* any law administered by the Veterans' Administration.' " *Id.* at 367, 94 S.Ct. at 1165 (*quoting* 38 U.S.C. § 211(a)) (emphasis in the original). Rather, the Court explained, such a challenge is directed against the statute enacting the program and presents a question of law that arises under the Constitution.

The *Robison* Court went on to observe that the purpose of § 211(a) was to avoid burdening the courts and the VA with a multitude of claims contesting individual determinations. Such claims, the Court believed, would sap judicial and administrative resources while resulting in inconsistent outcomes. *Id.* at 370 & n. 11, 94 S.Ct. at 1167 & n. 11. Allowing constitutional challenges, the Court concluded, would neither result in a great volume of litigation nor require judicial interpretation of technical issues within the VA's area of expertise. *Id.* at 373, 94 S.Ct. at 1168–69.

In this case, the plaintiff is not challenging the constitutionality of the VA pension program. Rather, the specific claim before us on appeal is that Winslow "was denied a hearing and was denied his constitutional right to due process prior to having a property right taken from him." *Plaintiff's Amended Complaint* ¶ 5 (Dec. 8, 1983). Although the *Robison* Court did not consider whether § 211(a) bars review of claims that VA procedures violate due process, the reasoning in *Robison* applies to procedural claims. *Devine,* 616 F.2d at 1083–85. A lawsuit making a procedural claim does not challenge "the interpretation or application of a particular provision ... to a particular set of facts," *Robison,* 415 U.S. at 367, 94 S.Ct. at 1166. Rather, a suit challenging the constitutionality of the VA's procedures presents a question of law that arises under the Constitution. Although procedural challenges may be more numerous than suits challenging acts of Congress, they do not threaten to overwhelm either the courts or the VA. Moreover, the requirements of due process are not within the VA's particular expertise. We there-

fore conclude that § 211(a) does not bar review of Winslow's due process claim.[1]

### B.

The Veterans Administration suggests that, even if § 211(a) does not bar all procedural due process claims, the district court was correct in dismissing Winslow's procedural claim because his claim does not present a federal question. In support of its position, the government relies on *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), for the proposition that a claim does not present a federal question where it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim is wholly insubstantial or frivolous," *id.* at 682–83, 66 S.Ct. at 776. We do not believe that Winslow's claim falls into either category.

The first ground set forth in *Bell v. Hood*, that the claim is made solely for the purpose of invoking federal jurisdiction to resolve a claim that could not otherwise be heard, is not applicable here. This is not a case in which the plaintiff has sought to artfully plead an administrative appeal as a claim arising under the Constitution. *Compare Cabiya San Miguel v. Veterans Administration*, 592 F.Supp. 21 (D.P.R. 1984), *aff'd*, 774 F.2d 1148 (1st Cir.1985) (claim that a VA disability rating was incorrect pleaded as a due process claim). Rather, Winslow seeks a determination of his constitutional right to a hearing.

This is also not a case in which the plaintiff's claim is "wholly insubstantial or frivolous," *Bell*, 327 U.S. at 682–83, 66 S.Ct. at 776. The Supreme Court has explained that the "substantiality doctrine" is to be given an extremely narrow construction. *See Hagans v. Lavine*, 415 U.S. 528, 537–42, 94 S.Ct. 1372, 1379–82, 39 L.Ed.2d 577 (1974). The fact that a claim is of "'doubtful or questionable merit'" does

not render it insubstantial. *Id.* at 538, 94 S.Ct. at 1379 (*quoting Goosby v. Osser*, 409 U.S. 512, 518, 93 S.Ct. 854, 858–59, 35 L.Ed.2d 36 (1973)). Rather, a claim that on its face arises under the Constitution or federal law is so insubstantial as to deprive the court of jurisdiction only if "'prior decisions inescapedly render the claims frivolous.'" *Id.*

We are certain that plaintiff's claim is not insubstantial. Previous cases have not foreclosed Winslow's claim. Indeed, at least two courts have concluded that certain recipients of VA benefits have a constitutional right to some form of hearing before the VA alters their benefits. In *Devine v. Cleland*, 616 F.2d 1080 (9th Cir. 1980), the court upheld an injunction requiring the Veterans Administration to provide pre-termination interviews before cutting off the benefits of certain recipients of VA education benefits. In *Plato v. Roudebush*, 397 F.Supp. 1295 (D.Md.1975), the court entered a permanent injunction requiring the VA to provide notice and a hearing before suspending, terminating, or reducing any benefit under its non-service connected pension program. These cases are enough to convince us that Winslow has some conceivable chance of success. We therefore conclude that the district court erred in concluding that it had no jurisdiction over Winslow's due process claim.

### IV.

Because the district court concluded that it had no jurisdiction, it did not consider whether Winslow's assertion that the Due Process Clause grants him the right to a hearing prior to any future alteration of his VA benefits stated a claim on which relief could be granted. However, the VA's summary judgment motion sought dismissal both on the ground that the court lacked

---

1. In the years since *Robison*, several trial courts have held that § 211(a) did not divest them of jurisdiction to hear due process claims directed against VA procedures. *See, e.g., Beauchesne v. Nimmo*, 562 F.Supp. 250, 253–55 (D.Conn.1983) (VA's refusal to provide notice and a hearing before directly recouping pension overpayment from beneficiary's bank account); *Arnolds v. Veterans' Administration*, 507 F.Supp. 128, 130–31 (N.D.Ill.1981) (VA's delay in processing educational benefit claims); *Dumas v. Cleland*, 486 F.Supp. 149, 151–52 (D.Vt.1980) (VA's refusal to provide notice and a hearing before terminating incompetent beneficiary's wife as payee).

jurisdiction and on the ground that Winslow had not stated a claim. By granting the entire motion, the court entered a judgment on the merits that Winslow had not stated a claim. Because the district court did not specifically consider the latter issue, we must vacate its decision to the extent that it entered judgment on this issue.

Our finding that the district court has subject matter jurisdiction does not, of course, imply that Winslow has stated a claim. It is entirely possible for a complaint to invoke federal jurisdiction but not state a claim on which relief may be granted. *See, e.g., Wheeldin v. Wheeler,* 373 U.S. 647, 649, 83 S.Ct. 1441, 1443–444, 10 L.Ed.2d 605 (1963). We leave it to the district court to determine whether Winslow's complaint has stated a claim.[2]

### V.

Winslow's claim that he is entitled to a hearing prior to any future alteration or reduction of his disability rating arises under the Due Process Clause. We therefore reverse the district court's decision to the extent that it held that the court had no jurisdiction over this claim. Because the court did not specifically consider whether Winslow's claim is one upon which relief may be granted, we vacate its decision to the extent that it held that he had not stated a claim. We remand for consideration of this issue and for such further action as may be appropriate.

REVERSED in part, VACATED in part, and REMANDED.

---

2. We note that it is not necessary for the plaintiff to prove that all pension recipients are entitled to hearings in order for him to prevail. *Cf. Walters v. National Association of Radiation Survivors,* 473 U.S. 305, 105 S.Ct. 3180, 3197–98, 87 L.Ed.2d 220 (1985) (O'Connor, J., concurring) (limitations on paid legal representation before the VA may violate due process rights of some veterans even if the restriction is permissible in most cases).