Joe Tyson **MATHES,**
**Plaintiff-Appellant,**

v.

**R.L. HORNBARGER,**
**Defendant-Appellee.**

**No. 86–1991.**

United States Court of Appeals,
Seventh Circuit.

Submitted May 19, 1987.

Decided June 10, 1987.

Joe Tyson Mathes, pro se., Westville, Ind.

James G. Richmond, U.S. Atty., Hammond, Ind., Clifford D. Johnson, Asst. U.S. Atty., South Bend, Ind., for defendant-appellee.

Before CUMMINGS, WOOD and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

In *Winslow v. Walters*, 815 F.2d 1114 (7th Cir.1987), we held that while federal courts are precluded by 38 U.S.C. § 211(a) from altering Veterans Administration (VA) determinations regarding an award of benefits, federal courts are not divested of jurisdiction over suits challenging the constitutionality of the VA's procedures under the Due Process Clause of the Fifth Amendment. In the instant appeal, the district court, without the benefit of our decision in *Winslow*, concluded that it lacked subject matter jurisdiction over appellant's procedural challenge to the VA's benefits process and that, in any event, VA benefits were mere "gratuities" entitled to no constitutional safeguards.[1] We reverse.

## I.

On July 30, 1985, Joe Tyson Mathes filed this § 1983 action *pro se* against R.L. Hornbarger, an adjudication officer of the United States Veterans Administration, alleging that Hornbarger had violated his constitutional rights by terminating his previously earned VA educational benefits without due process of law.[2] The district court dismissed Mathes' suit on three separate grounds. First, because defendant is a federal officer acting under color of federal and not state law, the district court concluded that § 1983 did not afford Mathes a cause of action.[3] Second, the district court held that Mathes failed to state a claim involving a deprivation of any constitutionally protected interest insofar as VA benefits give rise to no vested rights entitled to constitutional protection. Finally, as an alternate ground for dismissal, the district court found that, pursuant to § 211(a)[4], it lacked subject matter jurisdiction to review the merits of a VA benefits decision.

## II.

■ Turning first to the district court's decision respecting its jurisdiction, this court's recent opinion in *Winslow, supra,* clearly renders Mathes' procedural challenge to the VA's benefits entitlement process a federal question fully cognizable in federal court. *See* U.S. Const. art. III, § 2; 28 U.S.C. § 1331. The procedural challenge at issue here is significantly different

---

1. Since the district court disposed of *Winslow* on the basis of its finding that it lacked subject matter jurisdiction over Winslow's suit, neither the district court nor this court ever squarely confronted the issue of whether a challenge to VA procedures states a claim of unconstitutional deprivation of a protected interest.

2. Mathes was incarcerated while using his VA educational assistance benefits to pursue an undergraduate degree in counseling from Ball State University in Indiana. Educational assistance benefits are not available to veterans after 10 years from a veteran's discharge date, except that:
   ... [I]n the case of any eligible veteran who was prevented from initiating or completing such ... chosen program of education within such time period because of a physical or mental disability which was not the result of such veteran's own willful misconduct, such veteran shall, upon application ... be granted an extension....
   38 U.S.C. § 1662(a)(1).
   Mathes timely filed an application for an extension with the VA alleging that certain injuries he had sustained during his incarceration had prevented him from completing the course of study upon which he had embarked within § 1662's 10-year time limit. The VA sent Mathes a form letter requesting additional information concerning his alleged physical disability but no response was ever received. Consequently, Mathes' VA benefits were treated as if they had expired and were terminated apparently without further notice to Mathes.

3. In light of Mathes' *pro se* status and the Supreme Court's decision in *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we have construed appellant's cause of action as a due process claim rather than a § 1983 complaint. *See Caldwell v. Miller*, 790 F.2d 589, 595 (7th Cir.1986) (*pro se* complaints should be liberally construed).

4. Title 38 U.S.C. § 211(a) states:
   On and after October 17, 1940 ... the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

in substance and effect from a challenge to a decision of the VA's Administrator on a "question of law or fact concerning a benefit provided by a law administered by the Veterans Administration." 28 U.S.C. § 211(a). *See Winslow*, at 1117; *Devine v. Cleland*, 616 F.2d 1080, 1084 (9th Cir.1980). *But see Anderson v. Veterans Administration*, 559 F.2d 935 (5th Cir.1977) (per curiam) (§ 211(a) bars even a constitutional challenge to the VA's hearing procedures). Thus, we must reverse the district court on the issue of whether it possessed jurisdiction to entertain a challenge to the constitutionality of the VA's procedures.

■ The district court also dismissed Mathes' lawsuit for failure to state a claim in that, to paraphrase the district court, veteran's benefits are "gratuities" unentitled, absent legislation to the contrary, to procedural safeguards. Only those federally created entitlements which rise to the level of a "property interest" are protected by the procedural safeguards mandated under the Fifth Amendment's Due Process Clause. *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Mathes argued below that veterans benefits do indeed constitute a protected property interest while the government and the district court took the view that such benefits were, in effect, conferred strictly as a matter of legislative grace. In order to determine the character of the entitlement at issue and, in turn, to resolve Mathes' constitutional claim, we must employ a two-step analysis. *See Benson v. Scott*, 734 F.2d 1181, 1184 (7th Cir.1984). First, we must ascertain whether Mathes' interest in the uninterrupted receipt of his educational assistance benefits rises to the level of a protected property interest. *See Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976); *Goldberg v. Kelly*, 397 U.S. 254, 262, 90 S.Ct. 1011, 1017, 25 L.Ed.2d 287 (1970). Second, if a protected property interest is found to exist, we must then determine precisely what process is due the threatened recipient of VA educational benefits. *Mathews v. Eldridge, supra*, 424 U.S. at 332–49, 96 S.Ct. at 901–09; *Goldberg v.*

*Kelly*, 397 U.S. at 261–63, 90 S.Ct. at 1016–18.

■ It is undisputed that when he first began receiving VA benefits Mathes qualified as an "eligible veteran," 38 U.S.C. § 1652(a)(1), and thus had a statutory entitlement to receive educational assistance benefits. 38 U.S.C. § 1681(a). The law is by now well-settled that such vested statutory entitlements constitute a "property interest" protected by the Due Process Clause. *See Walters v. National Association of Radiation Survivors*, 473 U.S. 305, 105 S.Ct. 3180, 3189 n. 8, 87 L.Ed.2d 220 (1985) (upholding a statutory limit on attorney's fees in veterans benefits cases but recognizing that persons already receiving such benefits possess a "property" interest in their continued receipt); *see also Devine v. Cleland*, 616 F.2d 1080, 1086 (9th Cir. 1980) (citing *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 576–78, 92 S.Ct. 2701, 2708–09, 33 L.Ed.2d 548 (1972); *Goldberg v. Kelly*, 397 U.S. 254, 261–62, 90 S.Ct. 1011, 1016–17, 25 L.Ed.2d 287 (1970)). With one exception, the cases upon which the district court relied in reaching its contrary conclusion pre-date the relevant Supreme Court cases. The one exception is the district court's reliance upon *de Rodulfa v. United States*, 461 F.2d 1240, 1257 (D.C.Cir.), *cert. denied*, 409 U.S. 949, 93 S.Ct. 270, 34 L.Ed.2d 220 (1972), in which the District of Columbia Circuit considered whether a 1970 amendment to § 211(a) should be applied retroactively to preclude judicial review of an appeal from an award of counsel fees which award had itself antedated the change in § 211(a). The language borrowed from *de Rodulfa* by the district court in this case characterizing veterans benefits as "gratuities" is thus not only *dicta* but is expressly recognized in *de Rodulfa* itself as a conceptualization that "may be 'waning'." *Id.* at 1258.

Accordingly, we conclude that Mathes possesses a constitutionally protected property interest in the receipt of VA educational benefits, and we remand this case to the district court to consider, in the first in-

stance, what process Mathes is constitutionally due.[5] *See, e.g., Mathews v. Eldridge*, 424 U.S. at 335, 96 S.Ct. at 903 (counseling consideration of three separate factors).

REVERSED AND REMANDED.

---

5. While the question remains for remand whether VA benefits recipients are entitled to any *pre*-termination procedural protections, at present two courts have held that such process is due in certain situations. *See Devine v. Cleland*, 616 F.2d 1080 (9th Cir.1980) (upholding an injunction requiring the VA to provide pre-termination interviews before cutting off benefits to certain recipients of VA educational benefits); *Plato v. Roudebush*, 397 F.Supp. 1295 (D.Md. 1975) (permanent injunction entered requiring

VA to provide notice and a hearing before suspending, terminating or reducing any benefit under its non-service connected pension program).