Claude A. HOERNER, Vietnam Veterans of America, Inc., Lorie Leigh Pena, Anthony R. Decker, Robert K. Craddock, Jr., Plaintiffs on behalf of themselves and all others similarly situated

v.

UNITED STATES VETERANS ADMINISTRATION, Thomas K. Turnage, Administrator of Veterans Affairs.

Civ. No. S 87–2233.

United States District Court, D. Maryland.

Dec. 22, 1987.

Cherif Sedky, Karla J. Letsche, Jeffrey B. Maletta, David T. Case, Kirkpatrick & Lockhart, Barton F. Stichman, Julia A. Trotter, Vietnam Veterans of America Legal Services, Washington, D.C., for plaintiffs.

Breckinridge L. Willcox, U.S.Atty., RoAnn Nichols, Asst. U.S. Atty., Baltimore, Md., Richard E. Greenberg, Patrick Sorek, U.S. Dept. of Justice, Washington, D.C., for defendants.

SMALKIN, District Judge.

This is an action filed by a number of veterans, and a veterans' group, contesting certain benefit reduction actions taken by the Veterans Administration, in implementation of the so-called Gramm–Rudman–Hollings Act, P.L. 99–177, 99 Stat. 1037. The Veterans Administration, like all federal executive and independent agencies, was faced with a 4.3 per cent reduction in programmatic funding (by sequestration), effective March 1, 1986. As one means of implementing this reduction, the Veterans Administration adopted a policy that *pro rata* reduced certain veterans' benefits awarded after February 28, 1986. This had the effect of reducing educational and other veterans' benefits that plaintiffs received after March 1, 1986, even in respect of education pursued, and other benefit entitlements claimed to have arisen, prior to March 1, 1986. The defendants have moved to dismiss, and the plaintiffs have responded. No oral hearing is deemed necessary. Local Rule 6, D.Md.

Upon review of the complaint and the defendants' motion to dismiss, the Court finds that plaintiffs have not stated a claim upon which relief can be granted. Fed.R. Civ.P. 12(b)(6). (Although the defendants' motion referred to Fed.R.Civ.P. 12(c), it is clearly a motion to dismiss, and the reference to Rule 12(c) rather than Rule 12(b) is merely a minor error. No prejudice has arisen, because the plaintiffs have opposed the motion as if it were a motion to dismiss under Rule 12(b).)

■ First, to the extent that the plaintiffs seek review of the individual benefit reductions made in their own cases, or to the extent they attack, on non-constitutional grounds, *any* "decisions of the [Veterans] Administrator, on any question of law or fact ...," this Court lacks jurisdiction to conduct ordinary judicial review. 38 U.S.C. § 211(a) (1979); *Johnson v. Robison*, 415 U.S. 361, 367, 94 S.Ct. 1160, 1165, 39 L.Ed. 2d 389 (1974).

■ Although, under the cited statute, as interpreted in *Johnson*, constitutional challenges to the Administrator's decisional processes are not insulated from judicial review, 415 U.S. at 366–74, 94 S.Ct. at 1165–69, this complaint does not state a constitutional claim that has any degree of viability. Plaintiffs argue an equal protec-

tion violation. Because the decision under attack did not implicate any question of suspect or invidious classification, the equal protection test to be applied is simply that of "rational basis." So long as the classification made administratively was a reasonable one, was not arbitrary, had a fair and substantial relation to the objectives of the legislation, and treated persons similarly situated alike, there is no violation of equal protection. *Id.* at 374–75, 94 S.Ct. at 1169–70; *see also Judd v. Packard,* 669 F.Supp. 741, 743 (D.Md.1987). There is nothing in the complaint, no matter how broadly construed in plaintiffs' favor, *see Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957), that demonstrates irrationality in the decision under attack. In choosing to act as it did, the Administration simply decided to set a date after which benefit payments would be reduced. This choice was *prima facie* rational, especially given that any other approach (which also could have presented a rational alternative) would necessarily have detracted from someone else's benefits, and might have resulted in a total lack of funds for certain future beneficiaries, rather than a *pro rata* reduction for all. The fact that this Court or any other reviewing body might come to a different rational conclusion than the Administrator did, as well as the fact that an internal review in the Veterans Administration characterized the results of this action as "inequitable," is utterly beside the point under the applicable equal protection analysis. The question is not one of the wisdom of a particular choice, or even the inequity resulting from it; the question is merely whether the decision was rational. The purpose of this attenuated equal protection analysis of legislative and administrative classifications (that do not involve invidious or suspect classifications) is to allow the decision-maker to function within a broad range of discretion. This is especially important when the decision involves allocation of a scarce resource, which federal funding became upon enactment of Gramm–Rudman–Hollings. This complaint provides no ground for judicial review, on an equal protection basis, of the decision challenged by the plaintiffs.

■ If the complaint is read as stating a claim for a taking of "vested rights without due process," it has no greater merit than if it is read as asserting an equal protection claim. Determining whether administrative procedures are mandated to satisfy the formal procedural due process requisites of the Fifth and Fourteenth Amendments requires analysis of the governmental and private interests that are affected. *Mathews v. Eldridge,* 424 U.S. 319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976). Three factors must be considered: the private interest that is affected by the decision; the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional procedural safeguards; and the Government's interest, including the function involved and the fiscal and administrative burdens that additional procedures would create. *Id.* 424 U.S. at 335, 96 S.Ct. at 903. With respect to the case of reduction or withdrawal of individual benefits in individual cases, courts have held that due process requires some sort of formal adjudication of the issues. *See, e.g., Mathes v. Hornbarger,* 821 F.2d 439, 400–41 (7th Cir. 1987). In an individual case, it is necessary for the Administrator to make factual and legal findings with respect to the claimant's eligibility. The procedural safeguards present in a formal adjudication will lessen the risk of an erroneous decision with respect to the factual and legal issues to be decided. The opportunity to be heard and to present evidence will also help assure that individual claimants are treated equally with regard to other claimants similarly situated. In contrast, additional administrative procedures, such as notice and hearing, are simply not called for in the context of a budgetary cutback decision. There is no necessity for a factual and/or legal finding to be made by the Administrator with respect to any *individual* claim. Such process as was due was in fact received. Congress enacted a budgetary measure after debate. The Administrator then implemented that enactment by exercising his fiscal discretion within the limits

of his proper powers. No further procedures would have been of any help in protecting the plaintiffs' interests in this case. Finally, it has been recognized in other contexts that not every fiscal decision of a federal administrative agency requires formal adjudication by the use of notice, hearing, and the creation of a formal adjudication. *See, e.g., Coastal Airlines, Inc. v. C.A.B.*, 709 F.2d 119, 121 (1st Cir.1983).

 Turning to the plaintiffs' non-constitutional claims, the Court finds no viable claim stated for violation of the rule-making provisions of the Administrative Procedure Act (APA), 5 U.S.C. § 553, because the action in question was simply not rulemaking, as defined in 5 U.S.C. § 551(4). *Batterton v. Marshall*, 648 F.2d 694, 701 n. 25 (D.C.Cir.1980). What this action was may be simply characterized—it was the implementation of a Congressional budgetary directive by administrative action. Also, and more fundamentally, because the "rule" here at issue clearly and indisputably "involved . . . a matter relating to . . . benefits," it was *expressly exempt* from the rulemaking requirements of the APA. 5 U.S.C. § 553(a)(2). If an agency action relates to benefits, the notice and publication requirements of the APA are obviously and expressly inapplicable. *See, e.g., Bedford County General Hospital v. Heckler*, 757 F.2d 87, 92 (6th Cir.1985). Here, the plaintiffs have not pleaded or otherwise pointed to any voluntary abandonment of the § 553(a)(2) "benefits exemption" by the Veterans Administration. *See Batterton*, 648 F.2d at 700. In fact, the Veterans Administration policy statement, unlike that of the Labor Department set forth in *Batterton* (from 29 C.F.R. § 2.7 (1979)), does *not* waive the "benefits exemption"; it only binds the Administration to act "in accordance with the provisions of the [APA]," one of which, or course, is the express "benefits exemption" of § 553(a)(2). *See* 38 C.F.R. § 1.12 (1986). Thus, *Batterton*, the case principally relied upon by plaintiffs, is not authority for the application of the APA's rule-making provisions to this case. Finally, under the substantive review provision of the APA, 5 U.S.C. § 706, the Court finds nothing in the

complaint demonstrating that the Agency's action was unreasonable, arbitrary, capricious, or *ultra vires*. Rather, there was an obviously proper consideration of alternatives, the weighing of which was committed to the Administrator's discretion. *See, e.g., Duke City Lumber Co. v. Butz*, 382 F.Supp. 362, 371 (D.D.C.1974), *aff'd in part*, 539 F.2d 220 (1976), *cert. denied*, 429 U.S. 1039, 97 S.Ct. 737, 50 L.Ed.2d 751 (1977).

For the reasons stated, an order will be entered separately, granting the defendants' motion and dismissing the complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).