930 F.2d 918
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dean R. KIBBE, Plaintiff-Appellant,
v.
R.I. CONLEE, Adjudication Officer, VA Regional Office,
Detroit, Veterans Administration, Defendants-Appellees.
 Nos. 90-1769, 90-2030.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1991.
 
 Before MERRITT, Chief Judge, and KENNEDY and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff appeals the district court's dismissal of his civil rights complaint for lack of subject matter jurisdiction. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Dean R. Kibbe, a pro se private litigant, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court, alleging that the Veteran's Administration (V.A.) violated his constitutional right to due process of law and equal protection. In addition, Kibbe challenged the V.A.'s determination regarding his benefits ratings. On June 1, 1990, the district court issued an order dismissing Kibbe's action for lack of jurisdiction, citing 38 U.S.C. Sec. 211(a) (Appeal No. 90-1769). On July 26, 1990, the district court denied Kibbe's motion for reconsideration (Appeal No. 90-2030).
 
 
 3
 On appeal, Kibbe asserts that 38 U.S.C. Sec. 211(a) denies him equal protection under the law and violates his rights to due process.
 
 
 4
 As a preliminary matter, the timely motion for reconsideration tolled the time for filing a notice of appeal, rendering the notice of appeal in No. 90-1769 a nullity. See Osterneck v. Ernst & Whinney, 489 U.S. 169, 173-74 (1989). Therefore, this court lacks jurisdiction over No. 90-1769.
 
 
 5
 Upon review of the merits, we conclude that the district court incorrectly dismissed, for lack of subject matter jurisdiction, Kibbe's due process and equal protection claims. A veteran may obtain review, not of his individual claim determination, but of unconstitutional methods employed by the V.A. in arriving at that benefits decision. See Marozsan v. United States, 852 F.2d 1469, 1473 n. 10 (7th Cir.1988). Kibbe's complaint on its face makes a substantial, non-frivolous assertion that the V.A. violated his constitutional rights by employing racially discriminatory methods of determining which benefits claims to grant. Section 211(a) does not deprive a federal court of jurisdiction to entertain this type of constitutional challenge. The district court should therefore assume jurisdiction over Kibbe's due process and equal protection claims under 28 U.S.C. Sec. 1331. Therefore, this case is remanded to the district court for further proceedings on Kibbe's due process and equal protection claims.
 
 
 6
 Upon further review, we conclude that Kibbe's individual claim regarding his benefits ratings was properly dismissed for lack of jurisdiction because Sec. 211(a) "clearly deprives a federal court of the power to alter determinations made by the V.A. regarding disability ratings and entitlements to benefits." See Winslow v. Walters, 815 F.2d 1114, 1117 (7th Cir.1987).
 
 
 7
 Accordingly, the appeal in No. 90-1769 is dismissed for lack of jurisdiction under Rule 9(b)(1), Rules of the Sixth Circuit. The district court's order in No. 90-2030 is hereby affirmed in part and vacated in part, and the case is remanded for further proceedings consistent with this opinion. Rules 9(b)(5) and (6), Rules of the Sixth Circuit.