**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SRI DAVID CONRAD: ROBERTS
and LYNDEN KERRY: KINGSBURY,
both De jure Independent
Unembarrassed Freeholders IN
PROPRIA PERSONA,

      Plaintiffs-Appellants,

    v.

UNITED STATES OF AMERICA and
STATE OF COLORADO,

      Defendants-Appellees.

No. 00-1184

D. Colo.

(D.C. No. 00-M-319)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges. **

---

Appellants David Conrad: Roberts ("Mr. Roberts") and Lynden Kerry:

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

Kingsbury ("Ms. Kingsbury") filed two civil actions in federal district court, one on February 19, 1999, and the second on February 11, 2000. Both suits dealt with property to which Mr. Roberts and Ms. Kingsbury claim title. Both suits were dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Mr. Roberts and Ms. Kingsbury did not appeal the dismissal of the first complaint. They are now appealing, proceeding pro se, the dismissal of the second complaint.

## I. BACKGROUND

On April 30, 1998, Mr. Roberts was arrested by El Paso County sheriff's deputies. Mr. Roberts, apparently, had been trying to prevent hikers from trespassing on property to which he asserts patent rights under Land Patent #380502. Mr. Roberts was subsequently convicted in El Paso County District Court on one count of felony menacing and seven misdemeanor counts of false imprisonment and menacing.

On February 19, 1999, Mr. Roberts and Ms. Kingsbury filed a complaint in federal district court against three federal officials and twelve state officials. [1]

Mr. Roberts and Ms. Kingsbury sought to establish that there is no public right of

_____

[1] Mr. Roberts and Ms. Kingsbury alleged federal jurisdiction on the basis of the federal Constitution and a treaty with France.

way on or across their property and that they have clear and undisputed title by patent to the property in question. The state defendants were named because of alleged errors and improprieties in Mr. Roberts' criminal prosecution.

The district court dismissed the case on December 30, 1999. In the order, the district court held that the claims against the federal defendants failed to raise a justiciable dispute because "[t]he federal defendants' filings disclaim[ed] any right[,] title[,] or interest of any agency or department of the United States Government in the subject land." Aple's Br., Ex. 2, at 3 (Order filed Dec. 30, 1999). As for the claims against the state defendants, the district court ruled that they had also failed to raise a justiciable dispute on the grounds that (1) there was no proof of proper service of process and (2) assuming that there was proper service, "it [was] apparent from the pleadings that the plaintiffs [sought] to make a collateral attack on the criminal proceedings in El Paso County and that no recognizable claim under federal jurisdiction ha[d] been presented." Id.

Mr. Roberts and Ms. Kingsbury did not appeal the district court's ruling. Instead, on February 11, 2000, they filed another complaint in federal district court, arguing virtually the same claims as before (as evidenced by the identical questions presented) and implicating the same federal and state defendants (though, in an amended complaint, the United States and the state of Colorado were named as defendants in place of the individual officials). On March 14,

2000, the state defendants filed a motion to dismiss on the ground that the action was barred by res judicata. Approximately a month later, the federal defendants filed a motion to dismiss on the same basis. On April 26, 2000, the district court held that "[t]he complaint filed initiating this action is not legally different from the earlier action. Accordingly, regardless of res judicata, the complaint must be dismissed because it does not state claims within the jurisdiction of this court." Aple's Br., Ex. 1, at 2 (Order filed Apr. 26, 2000). Mr. Roberts and Ms. Kingsbury now appeal the district court's order.

## II. DISCUSSION

We review de novo a district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. See Redmon ex rel. Redmon v. United States, 934 F.2d 1151, 1155 (10th Cir. 1991).

We address first the issue of res judicata, which was the basis of the federal and state defendants' motions to dismiss. We have characterized the elements of a res judicata defense as follows: (1) The prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit. See Nwosun v. General Mills Restaurants, Inc., 124 F.3d 1255, 1257 (10th Cir. 1997) (listing the

-4-

elements of res judicata defense). From the proceedings below, it is apparent that the second, third, and fourth elements have all been satisfied. The first element has also been satisfied. Even though a dismissal for lack of jurisdiction is not a judgment on the merits, see Fed. R. Civ. P. 41(b) (noting that a dismissal for lack of jurisdiction does not operate as an adjudication on the merits), res judicata effect can still be given to such a dismissal, though limited to the question of jurisdiction. See State Farm Mut. Automobile Ins. Co. v. Dyer, 19 F.3d 514, 518 n.8 (10th Cir. 1994) (citing Winslow v. Walters, 815 F.2d 1114, 1116 (7th Cir. 1987)); see also United States v. Lots 43 through 46, 935 F.2d 1134, 1138 (10th Cir. 1991) (noting that "[t]he Supreme Court has long held that jurisdictional issues are not an exception to the principles of res judicata").

Thus, Mr. Roberts and Ms. Kingsbury are barred by res judicata from asserting they have jurisdiction. Further, even if we did not apply res judicata, we would have to agree with the district court that it lacked jurisdiction over the claims. With respect to the claims against the federal defendants, their disclaimer of any interest in the property means that there is no case or controversy. See Richardson v. Ramirez, 418 U.S. 24, 36 (1974) (noting that federal courts "are limited by the case-or-controversy requirement of Art. III to adjudication of actual disputes between adverse parties"); see also Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937) ("The controversy must be definite and concrete,

-5-

touching the legal relations of parties having adverse legal interests.").

With respect to the claims against the state defendants, there is no jurisdiction because, whether or not proper service was made (and the district court was correct in determining that no evidence of proper service was offered), Mr. Roberts and Ms. Kingsbury have failed to identify any basis for challenging his state criminal prosecution.    See, e.g. , Heck v. Humphrey , 512 U.S. 477, 486 (1994) (noting that "civil tort actions [such as § 1983 claims] are not appropriate vehicles for challenging the validity of outstanding criminal judgments"); 28 U.S.C. § 2254 (providing that a state criminal conviction may be attacked through a petition for a writ of habeas corpus but only if the applicant is in custody).

We conclude that Mr. Roberts and Ms. Kingsbury's complaint not only is precluded under the principle of res judicata but also fails to state claims subject to the jurisdiction of the federal courts, and we therefore AFFIRM the district court's order.

Entered for the Court,


Robert H. Henry
Circuit Judge

-6-