**Kenneth R. SHOCKLEY, Plaintiff-Appellant,**

v.

**Mary Spinner JONES and Terry McLain, Defendants-Appellees.**

No. 86–3024.

United States Court of Appeals, Seventh Circuit.

Argued May 20, 1987.

Decided June 26, 1987.

Christopher P. Ryan, Strodel, Kingery & Durree, Assoc., Peoria, Ill., for plaintiff-appellant.

William Frazier, Atty. Gen. Office, Chicago, Ill., for defendants-appellees.

Before FLAUM, EASTERBROOK and MANION, Circuit Judges.

FLAUM, Circuit Judge.

Kenneth Shockley appeals from the district court's dismissal, *sua sponte,* of his complaint on the eve of trial. The district court dismissed the complaint on two alternative grounds: lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. We agree that the complaint failed to state a claim, and we therefore affirm the judgment of the district court.

I.

In January, 1975, Shockley was involved in an accident which left him a paraplegic. Six years later, in May, 1981, Shockley was hospitalized for pressure sores on his left and right buttocks. Upon his discharge from the hospital in July, he was told that for future skin maintenance he would need a roho cushion, an eggcrate mattress, an inspection mirror, and a shower chair.

After a conviction for deceptive practices, Shockley arrived at Logan Correctional Center in Lincoln, Illinois, in September, 1981. He was examined by the prison physician, who prescribed catheter supplies and an eggcrate mattress for him. In addition to these items, Shockley requested a shower chair and an inspection mirror. Defendant Jones, the prison medical director, ordered catheter supplies for Shockley, but refused to order any other items.

In late September, Shockley was provided with a shower chair with a special cushion. However, before he received the chair, Shockley had already fallen twice in the shower while attempting to transfer from a regular chair to his wheelchair. As a result of these falls, Shockley noticed broken skin on his left buttock, and requested help from defendant Terry McLain, a nurse. McLain did not examine Shockley, but gave him some gauze and paper tape for self-bandaging.

Shockley's injuries failed to heal, and in early October, 1981, he was hospitalized with the diagnosis of "neurogenic ulcer of the left buttock with abscess formation and drainage." After his discharge from the hospital, medical director Jones ordered an eggcrate mattress for Shockley. However, despite his requests, Shockley failed to receive the twice-daily dressing changes necessary to promote the healing of his skin ulcer. In December, 1981, Shockley was again hospitalized, and this time he underwent several surgical procedures, including the removal of "substantial amounts of bone." Shockley alleges that he is now disabled to a greater degree than he was when he was committed to Logan Correctional Center.

In August, 1983, Shockley filed a lawsuit in federal district court against Jones, McLain, and Dr. Dean Hauter, the prison physician. Shockley's federal claim was based on 42 U.S.C. § 1983 and the Eighth Amendment; in several pendent claims, he alleged Illinois common law negligence. In his complaint, Shockley named the defendants as individuals, but he stated that at all relevant times each defendant had acted in his or her "official capacity." The defendants alleged in their answers that Shockley had failed to make out an Eighth Amendment claim, because the complaint did not state sufficient facts to show deliberate indifference to a serious medical need. The defendants also alleged immunity from suit based on the good faith performance of their official duties.

Defendant Hauter moved for summary judgment in June, 1985, and he was later dismissed from the case upon stipulation of all the parties. The case was reassigned to Judge Mills (the third judge to be assigned the case) in late 1985, and the trial date was eventually reset for the November 1986 jury call, which was to begin on November 10, 1986. On November 12, 1986, the district court, without notice or a hearing, dismissed the case *sua sponte* for lack of subject matter jurisdiction and, in the alternative, for failure to state a claim upon which relief could be granted. Shockley appealed to this court.

On appeal, Shockley argues that the district court had jurisdiction over his claim and that his complaint stated a cause of action. Shockley also objects to the fact that the district court, *sua sponte*, dismissed his complaint just before trial without notice or a hearing. We agree that the district court's actions in this regard were inappropriate, but nevertheless affirm the district court's judgment.

## II.

We first consider whether the district court was correct in holding that it had no jurisdiction over Shockley's complaint. We conclude that the court did have jurisdiction.[1]

The district court dismissed this action for lack of subject matter jurisdiction because it believed that Shockley's suit was actually a suit against the state of Illinois. Under the Eleventh Amendment, a citizen may not sue a state for money damages without its consent. *See Papasan v. Allain*, —— U.S. ——, 106 S.Ct. 2932, 2939, 92 L.Ed.2d 209 (1986).[2] Because the state of Illinois did not consent to suit in the statute creating the Illinois Department of Corrections, Ill. Ann.Stat. ch. 38, ¶¶ 1001–1201 (Smith-Hurd 1986), Shockley's claim is barred if the real defendant in this case is Illinois.

Whether the district court's conclusion was correct depends on whether Shockley sued Jones and McLain in their individual or official capacities. A suit for damages against a state official in his or her official capacity is a suit against the state for Eleventh Amendment purposes. *See Papasan*, 106 S.Ct. at 2940; *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3106, 87 L.Ed.2d 114 (1985). But a suit for damages against a state official in his or her individual capacity—meaning that the plaintiff seeks to establish personal liability against the defendant for acts he or she personally committed under color of state law—is not a suit against the state, and thus the Eleventh Amendment is not an obstacle to recovery. *See Papasan*, 106 S.Ct. at 2940 n. 11; *Scheuer v. Rhodes*, 416 U.S. 232, 238, 94 S.Ct. 1683, 1684, 40 L.Ed.2d 90 (1974).

1. Shockley's first suggestion, that the question of jurisdiction in this case was properly a question for summary judgment under Federal Rule of Civil Procedure 56 rather than Rule 12(b)(1), is mistaken. A grant of summary judgment is a decision on the merits, *see Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir.1987), whereas if a court concludes it has no jurisdiction, it must dismiss the case without reaching the merits. The question of jurisdiction is therefore inap-

propriate for summary judgment. *See id.* The court in this case properly relied on Rule 12(b)(1).

2. As we have noted elsewhere, in this context the Eleventh Amendment is frequently used as a shorthand for the principle of sovereign immunity. *See In Matter of McVey Trucking, Inc.*, 812 F.2d 311, 319 (7th Cir.1987).

As the Supreme Court has noted, the distinction between individual and official capacity actions "apparently continues to confuse lawyers and confound lower courts." *Graham*, 473 U.S. at 165, 105 S.Ct. at 3105. This court has attempted to dispel some of the confusion by creating the presumption that a § 1983 claim against a public official is an official capacity suit. *See Kolar v. County of Sangamon*, 756 F.2d 564, 568 (7th Cir.1985). In finding that the suit at issue here was an official capacity suit, and hence barred by the Eleventh Amendment, the district court relied on the *Kolar* presumption. The district court also relied on its reading of the complaint and other pleadings filed in this case. The complaint describes each defendant as having acted in his or her "official capacity under color of state law." In addition, Shockley's response to defendants' motion *in limine* states, "[A]s the court is well aware, the Section 1983 count involves allegations that the defendants were acting in their official capacity as employees of the State of Illinois." Based on these statements, and on the *Kolar* presumption, the district court concluded that this was an official capacity suit, and dismissed the action.

We note initially that the references in the complaint to the defendants having acted in their "official capacity" are ambiguous. That a defendant *acted* in his or her official capacity does not necessarily mean that the defendant is being *sued* in that capacity. In this case, the purpose of the somewhat inartful phrase "official capacity" seems rather to have been to buttress Shockley's allegation that Jones and McLain acted under color of state law.

Although we share the district court's frustration with ambiguous pleadings, we disagree with its conclusion in this case. As we have cautioned, the *Kolar* presumption "cannot be conclusive in a system such as the Federal Rules of Civil Procedure create, in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence." *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir.1985), *cert. denied*, — U.S. ——, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986). Rather, a court must look to the manner in which the parties have treated this suit. In this case, the record shows that the litigants, and at least one of the three judges successively assigned to the case, treated Shockley's suit as an individual capacity suit.

Our conclusion is supported by several factors. First, the pleadings that the parties filed during their dispute as to whether the pendent state claims should be dismissed show that both Shockley and the judge then assigned to the case treated the suit as an individual capacity suit. After the district court denied the defendants' motion to dismiss the pendent state claims, Shockley argued in his response to the defendants' motion for reconsideration that the defendants' liability, if established at trial, would arise out of their individual acts and omissions, and that any judgment would be rendered against the defendants individually. Judge Ackerman accepted this argument, ruling that the pendent state claims were against the defendants individually rather than against the state. Because the pendent state claims were based on exactly the same conduct as the § 1983 claim, it would be anomalous to suppose that the federal claim was an official capacity claim but that the state claims were not.

Second, Shockley's motion *in limine*, and his response to the defendants' motion *in limine*, both assert that the action was against the individuals and not the state. Finally, both Jones and McLain raised the affirmative defense of good faith immunity—a defense that only an individual is entitled to raise, *see Graham*, 473 U.S. at 166–67, 105 S.Ct. at 3106, *Duckworth*, 780 F.2d at 649. Thus, both parties, and one of the judges in charge of this case, treated this suit as an individual capacity suit. As we concluded in *Duckworth*, "Substance trumps form," 780 F.2d at 650.

We conclude that this action was not one against the state of Illinois, but against defendants Jones and McLain in their individual capacities. The suit therefore presented no Eleventh Amendment problem, and the district court erred in dismiss-

ing the action for lack of subject matter jurisdiction.

### III.

We therefore must address the district court's alternative ground for dismissal: that Shockley's complaint failed to state a claim upon which relief could be granted. We conclude that the district court was correct in dismissing the complaint under Rule 12(b)(6).

In order to state a claim of cruel and unusual punishment under the Eighth Amendment, a prisoner must allege " 'acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs,' " *Benson v. Cady*, 761 F.2d 335, 340 (7th Cir.1985) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976)). "[T]he infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth*, 780 F.2d at 652–53. Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653.

■ In this case, neither the original complaint nor the proposed amended complaint succeeds in making out a claim of deliberate indifference. The complaints fail even to allege deliberate indifference. Shockley argues that the word "refused" in his complaint, as in Jones' "refusal" to order medical supplies, implies the necessary intent. But on these facts the mere implication of bad intent is not enough. Shockley's complaints state that the prison did eventually provide Shockley with the bulk of his necessary equipment, even though not in time to prevent serious injury to Shockley. In essence, Shockley's complaint concerns delay. The delay in this case may or may not have been negligent; it certainly did not constitute deliberate indifference for purposes of the Eighth Amendment. *Cf. Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (Mere negligent acts do not give rise to a prisoner § 1983 claim under the Due Process Clause.).

Because both Shockley's original complaint and his proposed amended complaint clearly fail to state an Eighth Amendment claim, we affirm the district court's dismissal of that claim under Rule 12(b)(6). The pendent state claims, therefore, were also properly dismissed. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Maguire v. Marquette University*, 814 F.2d 1213, 1218 (7th Cir.1987).

### IV.

Finally, we address Shockley's claim that the district court improperly dismissed his claim without notice or the opportunity to be heard. We agree that the district court's abrupt dismissal of the complaint was improper, but we decline to reverse its judgment on this ground.

■ Shockley seems to argue both that the district court should not have raised the issue of dismissal under Rule 12 *sua sponte*, and that the court should have given him notice and the opportunity to respond. The first contention is meritless. It is always proper for a federal court to raise the issue of its own subject matter jurisdiction under Rule 12(b)(1). "[T]he federal courts are obliged to police the constitutional and statutory limitations on their jurisdiction." *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir.1986); *see* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (emphasis added)). Similarly, this circuit permits *sua sponte* dismissals based on Rule 12(b)(6), "so long as a sufficient basis for the court's action is apparent from the plaintiff's pleading." *Doe on Behalf of Doe v. St. Joseph's Hosp.*, 788 F.2d 411, 414 (7th Cir.1986).

The issue of whether the district court should have dismissed Shockley's complaint without notice or a hearing, however, is a different matter. This court has noted that *sua sponte* dismissals without prior notice or opportunity to be heard are "hazardous," *Tamari v. Bache & Co.*, 565 F.2d

1194, 1198 (7th Cir.1977), *cert. denied,* 435 U.S. 905, 98 S.Ct. 1450, 55 L.Ed.2d 495 (1978), and that they "may be criticized on several grounds," *Doe,* 788 F.2d at 415. However, in *Doe* we declined to decide whether a dismissal without notice or hearing could ever be permissible. *Id.* [3]

■ A dismissal under Rule 12(b)(6) without notice or a hearing is clearly improper. Because a dismissal for failure to state a claim is a decision on the merits with full res judicata effect, *see Winslow v. Walters,* 815 F.2d 1114, 1116 (7th Cir.1987), the plaintiff is permanently denied his or her day in court if the court fails to provide notice that the complaint is defective, and if the plaintiff has no opportunity to persuade the court that the complaint states a claim. The unfairness of this result is obvious.

■ A dismissal under Rule 12(b)(1) without notice or a hearing is similarly suspect. A dismissal for lack of subject matter jurisdiction is not a decision on the merits; "its res judicata effect is limited to the question of jurisdiction," *id.* The plaintiff, therefore, incurs less obvious damage than when the complaint is dismissed under Rule 12(b)(6), because he or she may file a new complaint if the jurisdictional defect is cured. However, especially in cases such as this one where the complaint survives for several years before being dismissed, the statute of limitations may have run in the interim, barring a refiling of the plaintiff's claim. Thus, even when the dismissal is on jurisdictional grounds, unless the defect is clearly incurable a district court should grant the plaintiff leave to amend, allow the parties to argue the jurisdictional issue, or provide the plaintiff with the opportunity to discover the facts necessary to establish jurisdiction. *See Williamson v. Tucker,* 645 F.2d 404, 414 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981); *Topping v. Fry,* 147 F.2d 715 (7th Cir.1945).

The district court's action in dismissing Shockley's complaint without notice or the opportunity to be heard was, therefore, improper. However, in this case, a remand would be futile, because, even after Shockley's proposed amendment, the complaint as a matter of law fails to state a claim on which relief can be granted. We accordingly decline to reverse the district court's judgment.

V.

The court erroneously concluded that it had no jurisdiction over this action, but correctly held that Shockley's complaint does not make out an Eighth Amendment claim. Although the district court's dismissal of Shockley's complaint without notice or a hearing was improper, a remand would be futile. The judgment of the district court is, therefore, AFFIRMED.

---

**3.** At least five circuits do not permit *sua sponte* dismissals without notice and an opportunity to be heard. *See Square D Co. v. Niagara Frontier Tariff Bureau,* 760 F.2d 1347, 1365 (2d Cir.1985), *aff'd,* 476 U.S. 409, 106 S.Ct. 1922, 90 L.Ed.2d 413 (1986) (dismissals under Rule 12(b)(6)); *Morrison v. Tomano,* 755 F.2d 515, 516 (6th Cir.1985) (dismissals "on the merits"); *Jefferson Fourteenth Ass'n v. Wometco de Puerto Rico,* 695 F.2d 524, 526 (11th Cir.1983) (dismissals "on the merits"); *Franklin v. Oregon,* 662 F.2d 1337, 1340–41 (9th Cir.1981) (dismissals under Rule 12(b)(6)); *Literature, Inc. v. Quinn,* 482 F.2d 372, 374 (1st Cir.1973) (any dismissal).