**Florence B. MANNY, Plaintiff,**

v.

**DEPARTMENT OF TRANSPORTATION OF the STATE OF HAWAII, et al., Defendants.**

**No. 87 C 6099.**

United States District Court, N.D. Illiniois, E.D.

July 14, 1987.

John P. Coghlan, Chicago, Ill., for plaintiff.

**MEMORANDUM OPINION AND ORDER**

SHADUR, District Judge.

Florence Manny ("Manny") has just filed this personal injury action against Department of Transportation of the State of Hawaii ("Department") and American Airlines, Inc. ("American") arising out of an accident at Honolulu International Airport. For the reasons stated in this memorandum opinion and order, Manny's Complaint (but not this action itself) is dismissed sua

sponte for lack of subject matter jurisdiction.

■ Complaint ¶ 2 may perhaps be viewed as sufficient in diversity terms, for it identifies Department as an agency of the State of Hawaii.[1] But Complaint ¶ 1 refers to Manny's Illinois *residence*, not her *citizenship* (the relevant fact for diversity-of-citizenship purposes). And Complaint ¶ 3 is flawed in referring only to American's being "registered and doing business in the State of Delaware"—it is entirely silent both as to American's state of incorporation and as to the location of its principal place of business, again the relevant facts for diversity purposes.[2]

Those pleading defects deprive this Court of independent subject matter jurisdiction over this action, for federal courts can deal with cases only as Congress specifies (see 28 U.S.C. § 1332(a) and (c)) and as a plaintiff's express allegations bring the case within those specifications. See, e.g., 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1208, at 85 & n. 96, 87 & n. 99, and cases cited in both notes (1969 ed. and 1986 supp.); 13 B *id.* § 3611, at 516–18 & nn. 27–29, § 3624, at 610 & n. 20, and cases cited in all those notes (1984 ed. and 1986 pocket part).

There are other obvious (though not jurisdictional) problems posed by the Complaint. Though American can no doubt be sued here in Illinois, it certainly seems questionable (perhaps an understatement) whether Department can. And even if it could, the likelihood of keeping this action here in the face of the inevitable 28 U.S.C. § 1404(a) motion is even more attenuated. Indeed, this action would appear to be a nonsurvivor in this District on an a fortiori basis from this Court's opinions in such cases as *Berks v. Rib Mountain Ski Corp.*, 571 F.Supp. 500 (N.D.Ill.1983).

■ All that might well seem to counsel dismissal of this action rather than the Complaint alone. But our Court of Appeals has recently renewed its sensible admonition against sua sponte dismissals even on subject matter jurisdictional grounds. *Shockley v. Jones*, 823 F.2d 1068, 1072–73 (7th Cir.1987).[3] And there is more: This action was brought just three days before the second anniversary of the claimed accident, and that second anniversary has now passed.[4] Under those circumstances, Manny and her counsel may have a vital interest in keeping this action at least technically alive until the pleading defects (if curable) are cured and until the possibility of a voluntary transfer to the District of Hawaii may be considered.[5]

Accordingly the Complaint (but not this action as such) is dismissed for lack of subject matter jurisdiction, subject to Manny's possible filing of a proper amended complaint to cure the jurisdictional defects on or before July 24, 1987 (see 28 U.S.C.

---

1. No opinion is (of course) expressed here as to the suability or non-suability of Department. Only the threshold question of citizenship is addressed—and that only in terms of its on-the-surface appearance.

2. For aught that appears from the Complaint's allegations, American could have either its place of incorporation or its principal place of business here in Illinois, in either of which events diversity of citizenship vis-a-vis Manny would be lacking.

3. Nonetheless, the Court of Appeals recognized the tension between that concept and the most fundamental mandate on District Courts (like all courts of limited jurisdiction): to look at subject matter jurisdiction at the very outset (or whenever any doubt on that score suggests itself), to do so whether or not any party raises the question (that is, sua sponte) and to reject any case in which jurisdiction is lacking. *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th

Cir.1986); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); Fed.R.Civ.P. 12(h)(3). Where lack of jurisdiction is patent and also patently incurable, it is not only the right but the duty of the court to dismiss the action. *Shockley*, 823 F.2d at 1073.

4. That timing would be critical if Illinois' statute of limitations on personal injury actions were applicable. This Court has not troubled itself to examine that question or the corresponding Hawaiian limitations issues or any other limitations questions stemming from the filing of this action here.

5. Indeed, the problem of an intervening running of the statute of limitations, thus barring a plaintiff's claim, was discussed in *Shockley*, 823 F.2d at 1073 too.

§ 1653). By definition this dismissal is also without prejudice to Manny's possible filing of this action in a state court of competent jurisdiction.