980 F.2d 733
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph M. ARBING, Plaintiff/Appellant,
v.
Sergeant RES, et al., Defendants/Appellees.
 No. 91-1910.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 1, 1992.*
Decided Dec. 3, 1992.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Joseph Arbing sued various prison officials and a physical therapist from Menard Correctional Center for violating his right against cruel and unusual punishments guaranteed by the Eighth Amendment. 42 U.S.C. § 1983. His claims arose out of what he urges was deliberate indifference by the defendants to a back injury and other physical ailments that afflicted him while imprisoned at Menard. The district court, based in part on the recommendation of a magistrate judge, granted summary judgment in favor of the prison officials. Arbing now appeals that ruling.
 
 
 2
 We review the grant of summary judgment de novo, viewing the facts in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986). Those facts are as follows. A prison doctor diagnosed Arbing as suffering from a herniated disc. After Arbing declined to have a recommended operation, the doctor prescribed that Arbing be issued a straight-backed chair for his cell. When prison officials objected on security grounds to Arbing having a chair in his cell, the doctor said that Arbing would receive the same benefit if he was put in a cell that would allow him to sit upright on his bed with his back against the wall. Another doctor also scheduled Arbing for fourteen heat treatments as physical therapy for Arbing's back. Arbing was moved to a cell in which he was able to prop his back against the wall, and he received seven heat treatments. He missed five heat treatments because security concerns prevented his going to the infirmary and two more because the therapist, Dan Carruthers, was unable to keep the appointment. Arbing at various times also complained of chest pains, breathing problems, and leg pains for which he was examined by the prison doctor.
 
 
 3
 Arbing claims that the prison officials' refusal to give him the chair prescribed to help his back, their failure to bring him to physical therapy as scheduled, and their refusal to treat him for his other pains violated his right against cruel and unusual punishments. He also claims that Carruthers violated this right by not showing up for the scheduled heat treatments. To prevail on these claims Arbing must show that the defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Negligent or careless treatment does not amount to a constitutional violation. Id. at 104-106. Disagreement with the type and quality of the treatment rendered does not amount to a constitutional violation. Arbing must show that he suffered at the hands of the defendants "unnecessary and wanton infliction of pain." Id. at 104 (citations omitted).
 
 
 4
 Arbing has failed to establish a legal basis for his claims. First, Arbing has no claim regarding the prison officials' refusal to give him a chair because they gave him an alternate treatment that was prescribed by a prison doctor. Arbing may hold a difference of opinion regarding the type of treatment he should have received, but that difference of opinion does not support a claim that the prison officials ignored "actual knowledge of impending harm easily preventable." Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir.1985). Furthermore, Arbing's claim that the prison officials' withheld therapy on several occasions does not rise to the level of a constitutional violation. To begin with, Arbing did receive seven out of the fourteen scheduled heat treatments. Moreover, the heat treatments were not prescribed as a cure for his back ailments but as a medicament used in lieu of a prescribed back operation that Arbing refused. Arbing rejected the cure for his pain, prison officials did not deny him that cure. In any event, security concerns prevented the prison officials from moving Arbing from his cell and justified their refusal to administer all the heat treatments according to schedule. This delay in treatment was not cruel and unusual punishment. See Shockley v. Jones, 823 F.2d 1068, 1072 (7th Cir.1987). Finally, a prison doctor saw Arbing for each of his other complaints, but the doctor prescribed no treatment other than a follow-up exam or mild pain killers. These decisions were made according to what the doctors saw as Arbing's medical needs, which they deemed to be not serious. Arbing offers no evidence that these treatments amounted to unnecessary and wanton infliction of pain in violation of the Eighth Amendment.
 
 
 5
 With respect to the claims against Carruthers for failing to keep his appointment for heat therapy, those also fail. The standards from Estelle that apply to prison officials apply equally to the prison's medical staff. 429 U.S. at 104-05. Arbing claims that Carruthers knew he could not make the two appointments that he missed, therefore he intended to deny Arbing treatment. But, for Arbing's claim to survive, Carruthers must have intended by not showing up to inflict unnecessary and wanton pain on Arbing. Nothing in the record shows that Carruthers intended to inflict such pain.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs