989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Paul KIRK, Appellant,
v.
Robert A. ERICKSON, Warden; Lt. Merth; T. Germain, Guard;
John Doe, Guards (# 1, 2, & 3 Visiting Room);
John Doe, Guard (Mailroom Officer), Appellees.
 No. 92-2856MN.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 25, 1993.
Filed: March 3, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Paul Kirk appeals from the district court's order dismissing his Bivens action for lack of subject matter jurisdiction. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). We reverse and remand for further proceedings.
 
 
 2
 Kirk challenged his conditions of confinement while he was a federal detainee at the Minnesota Correctional Facility in Stillwater between August 1986 and January 1987. Kirk sued the prison's warden and several guards alleging he was denied access to the courts and administrative remedies, and he was subjected to cruel and unusual punishment, tortious misconduct, and violations of his First Amendment rights. Kirk requested injunctive relief and compensatory and punitive damages.
 
 
 3
 The warden and guards denied Kirk's allegations and raised a good faith immunity defense. Following two motions for summary judgment, the magistrate judge found the warden and guards were acting under an Intergovernmental Service Agreement with the United States Marshals Service and thus acted as federal officials for Bivens purposes. The magistrate judge recommended dismissal for lack of subject matter jurisdiction because Kirk sued the warden and guards in their official capacities and thus the state's Eleventh Amendment sovereign immunity barred the suit. Even if the complaint were construed as a suit against the warden and guards in their individual capacities, the magistrate judge recommended entry of judgment in their favor on all claims except the access-to-the-courts claim. The district court overruled the objections to the report and dismissed the action "in its entirety for lack of subject matter jurisdiction on the grounds of sovereign immunity." We disagree with the district court's dismissal.
 
 
 4
 In his complaint, Kirk did not explicitly state whether he was suing the warden and guards in their official or individual capacities. We have advised plaintiffs to plead specifically whether government agents are being sued in their official or individual capacities to guarantee the agents prompt notice of potential personal liability. See Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Nevertheless, in this case the warden and guards did not assert they lacked notice of potential personal liability. Indeed, by raising qualified immunity as an affirmative defense, the warden and guards defended the action as one against them in their individual capacities. See Shockley v. Jones, 823 F.2d 1068, 1071 (7th Cir. 1987) (by raising qualified immunity defense, agents show they believe suit is against them in their individual capacities). In addition, the context of Kirk's claims showed he was suing the warden and guards in their individual capacities. See Shabazz v. Coughlin, 852 F.2d 697, 700 (2d Cir. 1988) (prayer for punitive damages shows suit is against officer in individual capacity); Gregory v. Chehi, 843 F.2d 111, 119-20 (3d Cir. 1988) (same); see also Shockley, 823 F.2d at 1071. Thus, the district court committed error in dismissing this suit for lack of subject matter jurisdiction on the ground of sovereign immunity. See Shockley, 823 F.2d at 1071-72.
 
 
 5
 Accordingly, we reverse and remand. On remand, the district court should consider the magistrate judge's alternative recommendations and conduct further proceedings necessary to resolve the access-to-the-courts claim.