**Donny ADAMS, Plaintiff,**

v.

**George DeTELLA; Barb Miller; Dr. Elyea, Defendants.**

No. 96 C 4826.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 17, 1998.

Donny Adams, Joliet, IL, pro se.

Amy S. Ratterree, Illinois Attorney General's Office, Chicago, IL, Susan Takata O'Leary, Illinois Department of Corrections, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

LEINENWEBER, District Judge.

Donny Adams has brought this pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that defendants at Stateville Correctional Center violated his constitutional rights under the Eighth Amendment. The defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After the court granted Adams three extensions, he filed his motion in response to defendant's motion to dismiss.

### Background

Plaintiff's complaint alleges that he needs surgery on his wrists and that he has been denied medical attention on his wrists since late 1993. He further alleges that he wrote letters and a grievance to defendants Dr. Elyea (Stateville Medical Director) and Barb Miller (Health Care Unit Administrator) and that they signed the grievances denying his requests for medical assistance. Adams also sues Warden George DeTella because he acquiesced to Elyea and Miller's decisions to deny the grievance since his signature was on it. Adams' responsive motion somewhat clarifies the medical condition that is the subject of his complaint. He states that his

wrists have a "calcium overgrowth" and that this causes significant pain. Plaintiff's response also states that he was seen by medical personnel but "that they were not qualified to exercise judgement [sic]" about his problem. Specifically, Adams states that he got to see a general practitioner but not a specialist.

### Standard of Review

In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts must be taken as true. *Ed Miniat v. Globe Life Ins. Group Inc.*, 805 F.2d 732, 733 (7th Cir.1986), *cert. denied*, 482 U.S. 915, 107 S.Ct. 3188, 96 L.Ed.2d 676 (1987). A complaint must not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir.1988).

### Analysis

In order to allege a constitutional claim for a failure to provide medical care, Adams must show that the defendants were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Supreme Court has recently undertaken the task of defining "deliberate indifference" and held that a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The official must be both aware of facts from which the inference can be drawn that a substantial risk of serious harm exists and must draw that inference. *Id.* Negligence in diagnosing or treating a medical condition is not sufficient to state an Eighth Amendment claim. *Id.* 511 U.S. at 835; *Estelle*, 429 U.S. at 106. The dissatisfaction or disagreement with the method of treatment or inability to effect a final cure does not suggest that those who treat an inmate exhibited deliberate in-

difference. *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir.1996), *cert. denied*, — U.S. ——, 117 S.Ct. 980, 136 L.Ed.2d 863 (1997); *Estate of Cole v. Fromm*, 94 F.3d 254 (7th Cir.1996); *Meriwether v. Faulkner*, 821 F.2d 408, 413 (7th Cir.1987), *cert. denied*, 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987). Mere differences of opinion among medical personnel regarding a patient's appropriate treatment do not give rise to deliberate indifference. *Estelle*, 429 U.S. at 106–107. Deliberate indifference may be inferred based upon erroneous medical treatment only when the medical personnel's decision is such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible did not base the decision on such a judgment. *Cole* at 261–262.

Based upon Adams's allegations that the calcium overgrowth in his wrist have caused persistent pain for approximately three years, the court disagrees with the defendants' argument that this is not a serious medical need. However, this does not end the court's inquiry. Adams must show that the defendants were deliberately indifferent to his medical needs. *Farmer*, 511 U.S. at 837.

Adams' allegations concerning the defendants' decisions to deny his requests for a hand specialist to perform surgery on his wrist do not establish deliberate indifference. Adams states that he was treated by medical personnel at Stateville. His main complaint concerns the fact that he was seen by a general practitioner and that surgery has not been performed on his wrists. These allegations by Adams represent a decision to treat a medical need in a particular manner and do not amount to deliberate indifference. *Snipes* at 591 (the removal of a damaged toenail without an anesthetic does not amount to deliberate indifference). Even if the treating medical personnel or the defendants' diagnosis concerning the necessity of surgery would have differed from a hypothetical specialist's recommendation, this difference in opinion over the appropriate treatment would not give rise to deliberate indifference. *Estelle*, 429 U.S. at 107, *Cole* at 261. Nor does Adams's conclusion that the

unnamed general practitioner or other medical personnel were not qualified to exercise judgment about his problem establish deliberate indifference on the part of the defendants. Adams' disagreement over the appropriate course of medical treatment does not suggest that the defendants or any other member of the medical staff exhibited deliberate indifference in treating him. *Snipes* at 586; *Meriwether* at 413. Furthermore, any delays in treating Adams do not establish deliberate indifference by the defendants. *See Shockley v. Jones,* 823 F.2d 1068, 1072 (7th Cir.1987) (delay in providing paraplegic medical supplies did not amount to deliberate indifference despite the fact inmate lost substantial amounts of bone from his buttock); *see also Gutierrez v. Peters,* 111 F.3d 1364, 1374 (7th Cir.1997) (delays in receiving treatment for infected cyst did not amount to deliberate indifference despite the fact inmate's cyst burst and he suffered considerable pain); *Martin v. Tyson,* 845 F.2d 1451, 1457–1458 (7th Cir.1988), *cert. denied* 488 U.S. 863, 109 S.Ct. 162, 102 L.Ed.2d 133 (1988) (delay in treating broken tooth did not amount to deliberate indifference). Accordingly, the court grants defendants' motion to dismiss.

### Conclusion

For the foregoing reasons, the court grants defendants' motion to dismiss [11–1] and dismisses this case in its entirety.

Plaintiff may appeal this dismissal by filing a notice of appeal with this court within thirty days of the entry of judgment. Rule 4(a)(4), Fed.R.App.P. He is cautioned that all prisoner-appellants must pay the full $105 appellate filing fee, 28 U.S.C. § 1915(b)(1), and unless he is granted leave to proceed in forma pauperis he will have to pay it immediately. If he cannot do so, the appeal will be dismissed but he will remain liable for the fee. *Newlin v. Helman,* 123 F.3d 429, 434 (7th Cir.1997). If this court finds that the appeal is taken in bad faith and the Court of Appeals agrees, he will not be permitted to proceed in forma pauperis and pay the fee in installments. 28 U.S.C. § 1915(a)(3); *Newlin,* 123 F.3d at 433–34. To avoid a finding that the appeal is taken in bad faith, a motion to proceed in forma pauperis on appeal should explain the grounds for the appeal. *See Newlin,* 123 F.3d at 433.

IT IS SO ORDERED.