Steven Edward LEWIS, Plaintiff,

v.

Michael F. SHEAHAN, et al., Defendants.

No. 98 C 346.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 2, 1999.

---

Stephen Edward Lewis, Chicago, IL, pro se.

David Adelman, Allen Stewart Kirsh, Asst. State's Attorneys, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is (1) defendant James Edwards' motion to dismiss plaintiff Steven Lewis' complaint and (2) Lewis' amended complaint. For the following reasons, the court (1) denies Edwards' motion to dismiss as moot and (2) dismisses Lewis' amended complaint, granting him leave to submit a proposed second amended complaint by March 5, 1999.

### I. BACKGROUND

On January 29, 1998, plaintiff Steven Edward Lewis ("Lewis") filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Lewis' complaint alleged that Cook County Jail officials violated his Constitutional rights. On June 26, 1998, the court dismissed all of Lewis' claims except for the allegation concerning the mishandling of his legal mail and dismissed Sheahan, Fairman, Velasco and Boykin as defendants. After the June 26, 1998 order, only Superintendent Edwards remained as a defendant in this action.

On August 7, 1998, Lewis filed an amended complaint. The amended complaint names Sheriff Michael Sheahan, Ernest Velasco (Director of Cook County Jail), James Edwards (Superintendent of Division 9), Verlinda Alexander (the Supervisor of Law Libraries), Mervin Boykin (Division 9 Law Librarian), Beatrice Goodwin (Mail Room Supervisor), John Stroger, Jr. (President of Cook County Board of Commissioners) and an unidentified mail clerk as defendants. In addition to asserting the claim concerning the Jail's mishandling of Lewis' legal mail, Lewis' amended complaint contains allegations regarding inadequate medical care and deficiencies in the law library. Pursuant to Federal Rule of Civil Procedure 15(a), the amended complaint replaces the original complaint as the complaint in this case. FED.R.CIV.P. 15(a).

On September 18, 1998, defendant James Edwards ("Edwards") filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Edwards' motion to dismiss was filed solely on his behalf and addressed only the claims brought in Lewis' original complaint and not the additional claims brought by Lewis in his amended complaint.[1]

In his amended complaint, Lewis complains of several wrongs that have allegedly been committed at the Cook County Jail ("the Jail"). Lewis' primary claim is against defendants for mishandling his legal mail. Specifically, Lewis alleges that mail from his attorneys (both trial and appellate counsel) was opened outside his presence. Lewis contends that there were at least nine separate occasions on which his legal mail was opened outside his presence. He attaches photocopied envelopes as supporting exhibits. Lewis also suspects that jail officials have interfered with his outgoing legal mail. Lewis apparently has reached this conclusion based on a statement from his appellate counsel that there was an extraordinary delay in

receiving mail from Lewis. Lewis alleges that he wrote several grievances concerning the opening of his legal mail. In response to his grievances, defendants apparently apologized to Lewis for the mishandling of his mail and assured him that the problem would cease. However, Lewis complains that he has received no assurances that the information contained in the letters was not improperly divulged to the state. Lewis speculates that the information has been compromised to the state and alleges that, as a result, he has "experienced a chilling effect of a lack of confidentiality."

Lewis' amended complaint also complains about the adequacy of the law library in Division 9. Specifically, Lewis complains the library is missing numerous volumes of regional reporters, federal reporters, Supreme Court reporters, and various other law books. He contends that defendant Boykin has a practice of refusing to copy case law in the last half hour remaining of a library session, which results in prisoners tearing pages from books to obtain the information that they need. Lewis also complains that Boykin has refused to obtain missing volumes from the better equipped libraries of other divisions. Lewis further contends that although state court Judge Gillespie entered a court order providing that Lewis be allowed to visit the law library for both sessions five days a week, Lewis is only allowed to visit the library three days a week. Finally, Lewis makes various allegations regarding preferential treatment given to some inmates who attend the law library on a more frequent basis and the frequent breakdowns of the copy machine.

Lewis' final claim in his amended complaint involves his allegation that the medical care facilities at the Jail are inadequate. Lewis avers that although Jail policy requires that five paramedics be regularly as-

---

1. Edwards' motion is entitled "motion to dismiss amended complaint." However, the substance of the pleading indicates that Edwards' counsel was addressing allegations set forth in the original complaint and not the amended complaint. Further clarification by Edwards' counsel David Adelman indicates that Edwards was never served with a copy of the amended complaint or Lewis' response to the motion to dismiss. Lewis

is advised pursuant to the court's order of June 26, 1998, that he is required to submit a copy of each of his pleadings to opposing counsel and include a certificate of service indicating that he has sent a copy to opposing counsel. Future pleadings that do not include a certificate of service will be summarily stricken. Regardless, this opinion will address the allegations of Lewis' amended complaint.

signed to Division 9, there are only three paramedics currently assigned to that division. Lewis maintains that this staffing deficiency has caused him to fear pain and to lose sleep. Lewis also contends that he has waited several months for physical therapy, CAT scan and thyroid tests. Finally, Lewis complains about alleged county policies which restrict the number of procedures, equipment, and tests that will be performed during the course of an inmate's medical treatment.

## II. *DISCUSSION*

### A. *Edwards' motion to dismiss*

As previously explained, Edwards' motion to dismiss was directed at Lewis' original complaint. However, Lewis has filed an amended complaint which has replaced the original complaint. Accordingly, the court denies Edwards' motion to dismiss Lewis' complaint as moot.

### B. *Lewis' amended complaint*

Pursuant to 28 U.S.C. § 1915, the court has reviewed Lewis' amended complaint.[2] For the following reasons, the court finds that the amended complaint fails to state a claim on which relief may be granted and, accordingly, dismisses the amended complaint without prejudice.

#### 1. *Lewis' right-of-access claims*

Lewis' claims involving the mishandling of his legal mail and the deficiencies in the law library implicate his First Amendment right of access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935

(1974). For the following reasons, the court finds that Lewis has failed to state a right-of-access claim.

 It is well established that prisoners have a constitutional right of access to the courts. *See, e.g., Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). To state a right-of-access claim, a prisoner must allege " 'some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation.' " *Gentry v.Duckworth,* 65 F.3d 555, 558 (7th Cir.1995) (quoting *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir.1992)). In other words, the prisoner must allege some "actual prejudice to specific litigation." *Duckworth,* 65 F.3d at 559. The following are examples of the requisite detriment: (1) a complaint that the prisoner prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known, *Lewis,* 518 U.S. at 351, 116 S.Ct. 2174; (2) the prisoner suffered arguably actionable harm that he wished to bring before the courts but was so stymied by inadequacies of the law library that he was unable even to file a complaint, *id.;* and (3) the prisoner missed court dates or was unable to make timely filings because of the state officials' conduct, *Martin v. Davies,* 917 F.2d 336, 340 (7th Cir.1990); *DeMallory v. Cullen,* 855 F.2d 442, 449 (7th Cir.1988).

 In this case, Lewis has not sufficiently alleged that the mishandling of his legal mail and the deficiencies in the Jail's law library have caused him any actual legal injury with respect to any present or contemplated litigation.[3] His fears that the con-

---

2. In pertinent part, section 1915 provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal ... (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

3. Edwards' counsel argued in his motion to dismiss that plaintiff's claims are barred by 42 U.S.C. § 1997e(e) because he has not alleged physical injury. However, different courts have held that 42 U.S.C. § 1997e(e) does not necessarily bar an inmate's right to vindicate certain

types of constitutional claims. *See Canell v. Lightner,* 143 F.3d 1210, 1213 (9th Cir.1998) (stating that § 1997e(e) is not applicable to First Amendment claims); *Barnes v. Ramos,* No. 94 C 7541, 1996 WL 599637, at *2 (N.D.Ill. Oct.11, 1996) (finding that § 1997e(e) is inapplicable to plaintiff's claims for violations of his constitutional rights); *Friedland v. Fauver,* 6 F.Supp.2d 292 (D.N.J.1998) (stating that § 1997e(e) did not bar plaintiff's claim for unconstitutional incarceration following arrest without probable cause). Persuaded by the above authority, this court finds that plaintiff's right-of-access claims

tents of his opened mail may have been compromised to the state are too remote and speculative to establish the necessary legal prejudice or actual injury required. Finally, Lewis' proper remedy with respect to Judge Gillespie's order regarding daily access to the law library is to file a motion in state court to enforce that order.

### 2. *Lewis' claim for failure to provide adequate medical care*

Lewis' final claim concerns his complaints regarding the alleged shortcomings of the medical care system at Cook County Jail. For the following reasons, the court finds that Lewis has failed to allege a claim for failure to provide adequate medical care.

 In order to allege a constitutional claim for failure to provide adequate medical care, the plaintiff must allege that the defendant was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference is synonymous with intentional or criminally reckless conduct and requires the plaintiff to prove that the defendants knew of conditions that posed an excessive risk to the plaintiff's health and that they disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Salazar v. City of Chicago*, 940 F.2d 233, 239–240 (7th Cir.1991). The dissatisfaction or disagreement with the method of treatment or inability to effect a final cure does not suggest that those who treat an inmate exhibited deliberate indifference. *Snipes v. DeTella,* `95 F.3d 586 (7th Cir.1996); *Estate of Cole v. Fromm*, 94 F.3d 254 (7th Cir.1996); *Meriwether v. Faulkner*, 821 F.2d 408, 413 (7th Cir.1987).

 The allegations in Lewis' amended complaint fail to state a claim for failure to provide adequate medical care. First, Lewis has failed to sufficiently identify a serious medical need that required treatment. Further, Lewis merely alleges that he has waited several months for appointment for physical therapy, a CAT scan, and thyroid tests.

These vague allegations of delay fail to establish that the defendants were deliberately indifferent to plaintiff's medical needs. *See Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir.1997) (finding that delays in receiving treatment for infected cyst did not amount to deliberate indifference despite the fact that inmate's cyst burst and he suffered considerable pain); *Shockley v.. Jones*, 823 F.2d 1068, 1072 (7th Cir.1987) (finding that delay in providing paraplegic medical supplies did not amount to deliberate indifference despite the fact inmate lost substantial amounts of bone from his buttock). Finally, the Jail's failure to follow its own policy of staffing five paramedics in Division 9 does not state a cause of action under § 1983. Violations of state law or procedures in and of themselves are not cognizable under § 1983. *See Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir.1988); *Azeez v. Fairman*, 795 F.2d 1296, 1299 (7th Cir.1986). Therefore, the court dismisses Lewis' claims concerning the inadequacies of the Jail's medical care system.

### III. *CONCLUSION*

Because Lewis has filed an amended complaint which has replaced his original complaint, the court denies defendant Edwards' motion to dismiss as moot. Lewis' amended complaint is dismissed without prejudice to filing a proposed second amended complaint which cures the deficiencies identified by the court. Lewis should name only those defendants who had personal knowledge of the alleged constitutional violations because, as the court has previously advised Lewis in its June 26, 1998 order, claims of supervisor liability are not cognizable under § 1983. Lewis is given until March 5, 1999 to file his proposed second amended complaint. If plaintiff fails to timely comply with this order, this case will be dismissed. The clerk is directed to send plaintiff a copy of the amended complaint form.

In addition to submitting a proposed second amended complaint, Lewis must provide the court with a copy for each named defendant and a copy for the court. Lewis must

---

are not barred by 42 U.S.C. § 1997e(e). Rather, the court finds that the appropriate focus of inquiry is whether plaintiff suffered any actual

legal injury to ongoing or contemplated litigation.

also provide defendant Edwards' counsel, David Adelman, a copy if he intends to pursue claims against Edwards in the proposed second amended complaint.

With respect to future submissions to the court, Lewis must keep in mind Rule 8(a) of the Federal Rule of Civil Procedure and Local General Rule 9(D). Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to file a *"short and plain"* statement of his claim showing that he is entitled to relief. FED.R.CIV.P. 8(A) (emphasis added). Local General Rule 9(D) limits legal briefs and memoranda to fifteen pages without prior approval of the court. LOCAL GEN.R. 9(D). Lewis' amended complaint consisted of thirty-one pages plus an additional twenty-six pages of exhibits. Lewis' responsive brief totaled twenty-seven pages and included an additional twenty-three pages of exhibits. Both of these pleadings violate the spirit of Rule 8(a) and Local General Rule 9(D). The court warns Lewis that he should be more concise in his future pleadings submitted to this court. The court will exercise its discretion to strike his future pleadings if they violate Rule 8(a) or Local General Rule 9(D).

Finally, Lewis has submitted a motion for request to produce the provision of the Prison Litigation Reform Act requiring that an action brought by a prisoner allege a physical injury, 42 U.S.C. § 1997e(e). At this time the court denies this motion without prejudice to renewal. As the court has previously dismissed Edwards' motion to dismiss, Lewis does not require a copy of this provision unless the defendant raises this argument in the future. Finally, the court advises Lewis that he should direct discovery requests to defendant's counsel in the future and attempt to resolve any discovery disputes with counsel before filing a motion to compel or produce with the court.